## DAVID EDDIE

*v.*

## EDWARD EDDIE.

1. PLEA OF SET-OFF—*bill of particulars—waiver.* Where a plaintiff goes to trial where a plea of set-off has been filed, but no bill of particulars is furnished, and no objection is made, he thereby waives a bill of particulars and can not rely upon such omission as error.

2. PRACTICE—*judgment.* Under the 14th and 19th sections of the practice act, where there is a plea of set-off, and the proof warrants it, the jury may find a verdict against the plaintiff and the court may render a judgment on it.

3. ACCOUNTING—*of an error therein.* Where there is a question whether parties to an action have accounted and agreed upon a balance due, it is not error for the court, when the evidence warrants it, to instruct the jury that, if any error was committed in such settlement, accidental or otherwise, such accounting is not binding upon the party against whom it is made.

APPEAL from the Circuit Court of Winnebago county; the Hon. WILLIAM BROWN, Judge, presiding.

Messrs. LATHROP & BAILEY, for the appellant.

Mr. C. M. BRAZEE, for the appellee.

Mr. JUSTICE WALKER delivered the opinion of the Court:

It is urged that appellee should have filed a bill of particulars with his plea of set-off. If desired, appellant should have

asked for, and obtained, a rule on appellee to file a bill containing all of the items of his account, with dates, amounts, and in form. But by permitting appellee to prove his account without taking such a rule, and making no objection to the evidence, for that reason he waived the statutory requirement and virtually consented that the evidence should be given, and he can not now raise the question for the first time in this court. To allow it, would be to enforce technicalities, and disregard the conduct of parties implying a waiver or consent, to the obstruction of justice instead of its promotion. There is no force in this objection.

The 19th section of the practice act provides that, in actions of contract, the defendant, having claims against the plaintiff, may plead the same, or give notice thereof as provided by the 14th section of the same act, under the general issue, or the plea of payment, and so much thereof as shall be proved on the trial shall be set off against the plaintiff's demand and a verdict given for the balance due ; and if it appears that the plaintiff is indebted to the defendant, the jury shall find a verdict for the defendant and certify the same to the court, and the court is required to render a judgment in favor of the defendant for the amount so found, with costs, upon which an execution may issue. It is necessary, under the general issue or the plea of payment, that the notice required by the 14th section should be filed to obtain the benefit of the set-off and judgment, but when the demands are specially pleaded the judgment may be rendered under the 19th section. Appellee's demands were pleaded by his plea of set-off, and that brought his defense under that section, and if it was proved that appellant owed him, he was entitled to a judgment under that plea.

It is next urged that the court below erred in giving this instruction :

"The court instructs the jury that a settlement between two parties is a mutual accounting between them, done with the

full assent and knowledge of both parties, by which the parties shall arrive at some definite result as to the amount due from one to the other, and in which result both parties agree as to such amount due. And if the jury believe, from the evidence, that the pretended settlement, claimed by the plaintiff to have taken place in March, 1868, was not an accounting in which both parties brought forward their accounts for settlement, and did not arrive at any conclusion to which both parties agreed, or if there was committed any error in such settlement, accidental or otherwise, on the part of the plaintiff, then such accounting and pretended settlement is not binding upon the defendant."

Exceptions are taken to the last clause, but we fail to perceive that it is erroneous. No one will contend that, if an error was committed in settling accounts by parties, the mistake or error might not be shown. And if it may be, and is shown, then the party against whom the error was committed is not bound by that settlement as then made. This instruction only announces this rule, and is correct. The law can never sanction such wrong as to bind a party to an accounting that is shown to be unjust, whether the error in the accounting occurred by accident or design. It would be violative of every principle of reason and justice.

The giving of the other instruction for appellee was proper. It was based on the 19th section of the practice act, and told the jury if they found, from the evidence, that the plaintiff was indebted to the defendant, they would so find. We have seen that, on sufficient proof under the plea of set-off, such a verdict is fully warranted. There was no error in giving this instruction.

It is insisted that the evidence fails to sustain the verdict. When it is carefully examined it will be seen that it is conflicting. Appellant swears that there was a settlement of accounts between them, and the amount due to him ascertained and stated. This, appellee positively denies. We fail

to find that the evidence shows that appellee had any books or papers showing his account against appellant, present, when they looked over and footed up the account of the latter. Appellee swears he had not, and all seem to agree that a large mistake was made in the addition. Appellant, nor any of his witnesses, testify that appellee admitted that he owed appellant the amount found on appellant's account, or any other amount. From all of appellant's evidence, it appears rather to have been only the examination and footing up of appellant's account, and not a settlement of accounts. And the settlement is positively denied by appellee. But if his evidence were left out of the case, all of the evidence produced by appellant is very slight that any settlement was ever made. We are of opinion that the jury were warranted in finding there was no settlement.

As to a portion of the articles claimed to have been sold to appellee, and a number of payments made to appellant, they contradict each other, and in such a conflict it was for the jury to say which was entitled to be credited. They have found that question in favor of appellee, and we think the evidence sustains the verdict, and the judgment must be affirmed.

*Judgment affirmed.*