## Arthur T. Howe et al.
### v.
## E. G. Frazer.

1. Practice Act.—The 32d section of the Practice Act is not mandatory in such sense as to make the mere omission to file the copy of the instrument or account with the declaration, ground for dismissing the plaintiff's suit.

2. Practice—Motion made too late.—The plaintiff's motion at the trial to strike from the files defendant's pleas of set-off, because of his failure to comply with the statutory requirement to file with said pleas a copy of the instrument and account, comes too late after the plaintiff had replied in bar to defendant's plea, and after the case had been twice previously tried in the court below and once heard in the Supreme Court.

3. Verdict undisturbed.—The court can not say that the verdict is not supported by a preponderance of the evidence, nor that it is not in accordance with the merits of the case.

Appeal from the Superior Court of Cook county; the Hon. Elliott Anthony, Judge, presiding. Opinion filed November 25, 1885.

Messrs. Hodges & Shippen, for appellants; that plaintiffs were entitled to the rule asked for, cited Eddie v. Eddie, 61 Ill. 134; Young v. Browning, 71 Ill. 44; Filkins v. Byrne, 72 Ill. 101; R. S. Ch. 110, § 32.

Mr. John P. Altgeld, for appellee.

Wilson, J. This was assumpsit brought by Howe and others to recover the price of a quantity of lime sold by the plaintiffs to the defendant, amounting to $358.33. The plaintiffs' demand being admitted, the only contention on the trial arose upon the defendant's plea of set-off.

The record is voluminous, and we shall not undertake to state here the facts of the case, but refer to Howe v. Frazer, 106 Ill. page 563, where they appear with sufficient fullness to answer our present purpose. The substance of the defendant's claim as set forth in his special plea is, that he entered into a contract with the plaintiff, by which, in consideration

that he would undertake to introduce and work up a demand for their Marble Head lime in a certain designated district, they agreed to furnish him all the lime of their brand he might need to supply his trade in said territory for five years, at sixty cents per barrel, in barrel, and forty cents per barrel in bulk, and that he should have the exclusive right of selling said lime throughout the designated territory during five years. He alleges that he performed his part of the contract, but since December 1, 1880, plaintiffs failed and refused to perform their part ; that he had spent labor and money therein to the amount of $10,000 ; that plaintiffs had derived a profit therefrom of $12,000, and that the exclusive right to sell said lime for the unexpired term of the contract was worth $10,000, of which he was deprived.

To this plea the plaintiffs replied, first, a general denial, second, that the alleged contract was not to be performed in one year, and was not in writing as required by the Statute of Frauds; to which defendant rejoined that said contract was in writing, signed by the plaintiffs.

The jury found for the defendant $3,000, for which sum he had judgment.

It appears that five days before the trial began, the plaintiffs moved the court for a rule upon the defendant to file with his pleas of set-off, a copy of the instrument and account upon which he intended to rely, and referred to in his said pleas ; and that upon the cause being called for trial and before entering thereon, the plaintiffs moved the court to strike from the files the defendant's pleas of set-off, because of his failure to comply with the statutory requirements to file with said pleas a copy of such instrument and account. The plaintiffs also moved the court to refuse to permit the defendant to introduce any evidence in support of the instrument or account for the same reason. These several motions were overruled, and the plaintiff excepted.

It is contended by appellant that the 32d section of the Practice Act is mandatory, and that a failure to file a copy of the instrument or account, upon which he intends to rely, subjects him to the consequence of having his plea stricken out

Howe v. Frazer.

on motion, or disregarded at the trial. This, we think, is a misapprehension of the scope and effect of the statute. We understand that a defendant is placed by that section of the act in the same position, *quo ad hoc,* as is a plaintiff when filing his declaration. It has never been held that the statute is mandatory in such sense as to make the mere omission to file such copy with the declaration ground for dismissing the plaintiffs' suit, even after the lapse of two terms. This was so ruled as far back as 1840, in Kimball v. Kent, 2 Scam. 218. The court said, " The cause might have been continued for a refusal or omission to file the account, but until a rule had been obtained requiring the plaintiff to file the account, and there had been a failure to comply with such rule, the cause should not have been dismissed." And in McCarthey v. Mooney, 41 Ill. 301, where the defendant moved for a continuance for want of a bill of particulars, the court said " Such dilatory motions must, under the rules of practice, be made at the earliest practicable period. Such a motion comes too late after a plea in bar to the action. This, like a motion to dismiss for want of security for costs, pleas to the jurisdiction and in abatement, does not go to the merits, and is not favored by the courts. If such a motion may be entertained after a plea in bar, it may be at any time before the trial. And such a practice would be attended with great delay, and in no wise tend to the promotion of justice." See also Eddie v. Eddie, 61 Ill. 134, 22 Id. 258; 75 Id. 62; 84 Id. 278. In the present case the motion came too late. It was made not only after the plaintiff had replied in bar to the defendant's plea of set-off, but after the case had been twice previously tried in the court below, and once heard in the Supreme Court, so that we must presume the plaintiff was fully apprised of the defendant's claims. Moreover the motion was not made until after the cause had been reached in the regular call of the docket, and both parties had announced themselves as ready for trial, whereupon the case was set down to be taken up as soon as some unfinished business should be disposed of, and so the trial was liable to begin at any moment. It is readily perceived how a rule entered at that late hour might have operated as a great hard-

ship upon the defendant, whose residence and place of business was at Rock Island, necessitating, presumably, a continuance of the case and much additional expense. We are therefore of opinion that the first error assigned, challenging the ruling of the court in respect to a copy of the instrument and account relied on, is not sustained.

As to the other error relied on, viz., the overruling plaintiff's motion for a new trial, because the verdict was not supported by the evidence, we have to say that we have examined the evidence with great care. The evidence is conflicting. It would subserve no useful purpose for us to attempt to analyze it, but we can not say that the verdict is not supported by a preponderance of the evidence, nor that it is not in accordance with the merits of the case. The Supreme Court, when this case was before it on a former occasion, held, in substance, that the letters which were relied upon to take the case without the Statute of Frauds, were not sufficient for that purpose; but it was also held that where one has derived a benefit from the services and money of another under a parol contract to which he successfully pleads the Statute of Frauds, he is, nevertheless, liable under a *quantum meruit*, to the extent of the benefit so derived. As the evidence tended to bring the case within this principle, and the question was solely one of fact for the jury, we do not feel at liberty to set aside their finding.

Perceiving no error in the record the judgment of the court below must be affirmed.

Judgment affirmed.