THE COMMERCIAL UNION ASSURANCE COMPANY

*v.*

J. YOUNG SCAMMON.

*Filed at Ottawa January 21, 1890—Rehearing denied March 14, 1890.*

1. CHANCERY—*relief against judgment at law—omission to make defense at law—reviewing the rulings of the trial court.* A court of equity will not take jurisdiction to review the rulings of a court at law, where the latter court had jurisdiction to render the judgment sought to be reviewed.

2. The rule that relief in equity will be granted against a judgment at law when the defense could not, at the trial, or under the circumstances, be made available, without any *laches* of the party, does not apply to a case where the only reason why the defense could not be availed of was an erroneous ruling of the law court.

3. Whether a party insured is estopped by his conduct from suing upon his policy of insurance, is a question which it is competent for a court of law to decide, and if this or any other legal defense is not interposed in the action at law upon the policy, the defendant in the judgment will be guilty of such *laches* that equity will not relieve him.

4. Action—*to recover back money paid by mistake of fact—right of set off.* Assumpsit for money had and received to plaintiff's use lies to recover back money paid under a mistake of fact, and under section 29, chapter 110, of the Revised Statutes of 1874, such a demand may be set off by a defendant against the amount claimed to be due the plaintiff.

5. Appeal—*from the Appellate Courts—in what cases.* The General Assembly is empowered by section 11, article 6, of the constitution, to create inferior appellate courts, from which the records may be brought by appeal or writ of error to this court, "in all criminal cases, and cases in which a franchise or freehold or the validity of a statute is involved, and in such other cases as may be provided by law."

6. The records in the cases specifically enumerated in the constitution come to this court by virtue of the constitution, and therefore they can not be restricted or limited. But in other cases the records can not come to this court at all unless the General Assembly so provides, and having the power to totally exclude, the power to limit or qualify is included.

7. Same—*reviewing the facts—reciting the facts by Appellate Court differently from the finding in the trial court.* The recital of the facts found from the evidence by the Appellate Court differently from the trial court, is a judicial act, and an error in that respect is in no manner different from any other erroneous ruling or decision.

8. Appellate Court—*refusal to decide, or to certify evidence—remedy.* Should the Appellate Court arbitrarily refuse to pass upon a question presented by the record, and arbitrarily refuse to certify the evidence in respect thereto to this court, the remedy will be *mandamus* to compel that court to act upon the issue and certify the evidence, and not resort to a court of equity.

Appeal from the Appellate Court for the First District;— heard in that court on appeal from the Circuit Court of Cook county; the Hon. Lorin C. Collins, Judge, presiding.

This appeal is from a judgment of the Appellate Court for the First District, affirming a decree of the circuit court of Cook county, dissolving a temporary injunction enjoining the collection of a judgment at law and dismissing the bill.

The judgment at law of which injunction was sought was recovered by appellee, against appellant, in the Appellate Court for the First District. Suit had been brought by appellee, against appellant, in the circuit court of Cook county, on a policy of insurance issued by the latter to the former on a certain four-story and basement brick building, and permanent fixtures, in the city of Chicago, to which three defenses were interposed, namely: First, that the property insured had been sold and conveyed, under a certain mortgage, so as to effect a change of title, contrary to a clause in the policy; second, that the notice and proofs of loss were insufficient, and not served in apt time; third, that a policy of insurance was issued by the defendant, on the same property, to one Babcock, in lieu of the policy in suit, that the amount of that policy was subsequently paid to Babcock, and Scammon recovered the same from him by decree in chancery. The circuit court thereupon rendered judgment for the defendant, but that judgment, on appeal therefrom to the Appellate Court for the First District, was reversed, and that court thereupon entered final judgment therein for the plaintiff. An appeal was prosecuted from that judgment to this court, and we reversed the judgment of the Appellate Court, because of its failure to certify the facts as found by it upon the third issue presented by the defense. (*Commercial Ins. Co.* v. *Scammon*, 123 Ill. 601.) The Appellate Court, upon the cause being remanded, again rendered final judgment for the plaintiff, and certified the facts as found by it upon all of the issues presented by the defense. An appeal was prosecuted from that judgment, also, to this court, and it was here affirmed.

The substantial allegations of the bill are, briefly: On the 30th of May, 1872, Scammon conveyed, by way of mortgage, to the United States Mortgage Company, certain described lots in the city of Chicago, to secure a loan of money. A clause in the mortgage required Scammon to keep the buildings on the lots insured against loss on account of destruction by fire,

and assign the policies to the mortgage company as collateral security. The policy in suit was issued by appellant to Scammon on a certain building and fixtures situated on one of the lots embraced by the mortgage, and the policy provides that "loss, if any, payable to United States Mortgage Company, as its interests may appear." On the 31st of March, 1874, the trustee named in the mortgage assumed to sell and convey the mortgaged property to Reece, and on the 20th of April, 1874, Reece conveyed that property to Babcock, who was president of the mortgage company. After this conveyance, Babcock made a contract with appellant, whereby appellant issued a fire policy on the same property insured by the policy issued to Scammon, for $5000, in lieu of that policy, it being expressly understood and agreed between Babcock and appellant, that the Scammon policy was inoperative, by reason of the title having passed from Scammon to Babcock, and that there should be but one liability by appellant on account of the insurance of that property. The building and fixtures insured having been destroyed by fire, Babcock made proofs of loss on the 28th of July, 1874, and on the 23d of October, 1874, appellant paid him the full amount of his policy.. Scammon made no proofs of loss until the 23d of April, 1875. In 1876 Scammon, on a bill previously filed for that purpose, obtained a decree of the circuit court of Cook county setting aside the sale and conveyance by the trustee to Reece, and the conveyance by Reece to Babcock, as void, and crediting the amount so paid by appellant to Babcock upon his policy of insurance, on the amount due from Scammon to the United States Mortgage Company, and secured by the mortgage.

A further allegation relied upon here is, that there is a clause in the policy in suit providing that in case of any other insurance upon the property insured, whether made prior or subsequent to the date of that policy, the insured shall be entitled to recover from appellant no greater proportion of the loss sustained than the sum thereby insured bears to the whole

amount of insurance upon the property ; that at the time of the said loss, the policies theretofore issued to said Scammon upon said property amounted to $20,000, and the policies issued to Babcock upon said property, and which, by said decree, were declared and determined to have been issued to Babcock, as trustee, to said Scammon, amounted to $25,000, while the amount of the loss by said fire was only $30,000, so that in any event appellant was liable, under said policy, for only one-ninth of said loss, or the sum of $3333.33, and not for the sum of $5000 and interest, for which judgment was rendered.

In the action upon the policy resulting in the judgment sought to be enjoined, it was stipulated by appellant and appellee "that plaintiff may, in this case, put in evidence all such facts as may have a tendency to show the right to recover, whether sufficiently pleaded or not, and the defendant may give in evidence all such facts as may have a tendency to show that the plaintiff is not entitled to recover, whether pleaded or not, so that there may be no necessity for amending the pleadings on either side." Upon the trial of that case, every fact was in evidence that is now in evidence in this case. The errors assigned bring the questions discussed in the opinion, before the court.

Mr. HENRY G. MILLER, and Mr. W. A. BUTLER, for the appellant.

Mr. CHARLES F. WHITE, and Mr. MARTIN L. WHEELER, for the appellee.

Mr. JUSTICE SCHOLFIELD delivered the opinion of the Court:

The doctrine quoted by appellant from 2 Story's Equity Jurisprudence, (sec. 894,) that "relief in equity will be granted when the defense could not, at the time or under the circumstances, be made available at law, without any *laches* of the party," does not apply to a case where the only reason why

the defense could not be made available, was an erroneous judgment of the law court. (See 2 Story's Eq. Jur. sec. 897.) A court of equity will not take jurisdiction of a law case to review and revise the rulings of the law court, where that court had jurisdiction. (High on Injunctions, secs. 129, 130, and cases cited in note.) Whether the appellee was estopped, by the facts alleged, from suing upon the policy, was a question that it was competent for a law court to decide. (See notes to *Duchess of Kingston's case*, 2 Smith's Lead. Cas. 711, *et seq*.) So, also, is obviously the question whether the damages recovered should have been reduced by reason of the clause in the policy providing that the amount to be recovered in the event of loss should be reduced *pro rata* by the amount of additional insurance, depending, as it does, purely upon the legal construction of the policy and the evidence of additional insurance. If that defense was not urged in the trial at law, it was manifestly through the *laches* of appellant, and therefore, under the authority relied upon, it can not be urged in equity. If, however, the theory of appellant's case be, that the money paid to Babcock was paid under mistake of facts, and that it is therefore entitled to recover it back, the remedy at law was adequate. Assumpsit for money had and received to plaintiff's use lies to recover back money paid under a mistake of fact. Chitty on Contracts, (11th Am. ed.) p. 904. And it is clearly within the meaning of section 29, chapter 110, of the Revised Statutes of 1874, that such a demand may be set off against the amount claimed to be due under a policy of insurance.

But it is argued, though not alleged in the bill, that appellant was denied the right of a review of the action of the Appellate Court, in this court, by the arbitrary action of the Appellate Court in refusing to certify all of the material facts before that court. But if it shall be conceded that the contention is true, it does not follow that a court of equity has

jurisdiction. The General Assembly is empowered, by section 11, article 6, of our constitution, to create inferior appellate courts, from which the records may be brought, by appeal or writ of error, to this court, "in all criminal cases, and cases in which a franchise or freehold or the validity of a statute is involved, and in such other cases as may be provided by law." Whether, therefore, in a case other than those specifically named, the record of the Appellate Court shall be brought here for review by appeal or writ of error, and if brought, under what restrictions or limitations, depends entirely upon the enactment of the General Assembly. The records in the cases specifically enumerated come here by virtue of the constitution, and therefore they can not be restricted or limited; but in other cases the records can not come here at all unless the General Assembly so provides, and having the power to totally exclude, the power to limit or qualify is necessarily included.

By section 88 of the Practice act, (2 Starr & Curtis, p. 1842,) the General Assembly has provided that "if any final determination of any cause, as specified in the preceding sections, shall be made by the Appellate Court, as the result, wholly or in part, of the finding of the facts concerning the matter in controversy different from the finding of the court from which such cause was brought by appeal or writ of error, it shall be the duty of such Appellate Court to recite, in its final order, judgment or decree, the facts as found, and the judgment of the Appellate Court shall be final and conclusive as to the matters of fact in controversy in such cause." The recital of the facts as found, involves judgment and decision, and it is thus made a judicial act in the case; and it is impossible, upon principle, to hold that an error in that respect is in any manner different from an erroneous decision of that court upon any other question within its jurisdiction.

The judgment is affirmed.

*Judgment affirmed.*

Subsequently, on July 29, 1890, on an application for a rehearing, the following additional opinion was filed :

Per Curiam : A petition for rehearing has been presented to us in this case, and it has received our careful consideration. We find no cause for granting a rehearing, or for modifying any of the statements of legal conclusion expressed in the opinion. It appears, however, from this petition, that in the former argument we misapprehended, to some extent, the position of counsel for appellant, and therefore, to that extent, unintentionally misstated it in the foregoing opinion. We deem it proper to here correct that error, and to briefly state our answer to what we now understand to be his contention.

Counsel does not deny the general doctrine that a court of chancery can not review the decision of a court of law, but he contends, in the present case,—first, that the Appellate Court refused to pass on the question now presented, although that question was submitted to and decided by the circuit court on the trial of the case by that tribunal, and the evidence in respect thereto was preserved in the record and before the Appellate Court; and second, that the Appellate Court refused to certify the evidence in respect to that issue to this court, and consequently that that issue has not been before this court or passed upon by it. He thereupon argues, that a court of chancery is not now asked to review the decision of a law court, but, on the contrary, that it is simply asked to decide an equitable question which a law court might have decided, but, in fact, did not decide,—which, he insists, the authorities recognize the right of a court of chancery to do. We answer: The issue, being one of which a court of law may take cognizance, having been submitted to and decided by the circuit court in the action brought in that court on the policy of insurance, it is not true that a court of law has not decided it. A court of law has decided it, and that decision is conclusive until reversed or set aside in some mode provided by statute.

Additional opinion of the Court.

The appeal presented the same issue to the Appellate Court that was presented to the circuit court, and, it is alleged in appellant's bill, the same evidence was before that court that was before the circuit court. It necessarily follows, that if it was fairly a question whether that evidence was as contended by counsel for appellant, or only as certified by the Appellate Court, it was properly one for that court to decide; and that being so, there can be no more ground for a court of chancery to take jurisdiction because of an error in a decision in that respect, than because of an error in any other decision by a law court of a question properly before it. But if there was no question of that kind, but the court simply arbitrarily refused to pass upon the question, and arbitrarily refused to certify the evidence in respect thereto to this court, then it is clear the remedy of appellant was by *mandamus* to compel that court to act upon the issue, and to certify the evidence in respect thereto to this court,—and this is a complete and adequate remedy at law, and resort should have been to it, and not to a court of equity, to remedy the wrong done. And so, to conclude, in brief, if the issue has not been presented to this court, it is because of the neglect of appellant to resort to his legal remedies in that respect. If it has been presented to this court, it has been necessarily decided in the affirmance of the judgment of the Appellate Court,—whether rightly or wrongly, a court of chancery can not inquire; and, in either view, the decision of the court below is right.

A rehearing is denied.

*Rehearing denied.*