## Charles J. Dorrance v. The Dearborn Power Company.

### Gen. No. 13,388.

1.   SET-OFF—*when objection to sufficiency of notice of, comes too late.*   An objection to the sufficiency of a notice of set-off comes too late when first made on appeal.

2.   SET-OFF—*what considered in connection with notice of, to determine question of sufficiency.*   A bill of particulars filed with a notice of set-off will be considered in connection with such notice in order to determine the sufficiency of such notice.

3. VENDOR AND VENDEE—*what justifies delay in rejection of merchandise.* Where merchandise is furnished pursuant to contract, delay in rejection is justified where attempts to remove defects were being constantly but unsuccessfully made by the vendor up to the time of the rejection.

Assumpsit. Appeal from the County Court of Cook County; the HON. ROLLAND A. RUSSELL, Judge, presiding. Heard in this court at the October term, 1906. Affirmed. Opinion filed October 3, 1907.

A. W. MARTIN and EDWARD H. S. MARTIN, for appellant.

HOLCOMB & McBEAN, for appellee.

MR. PRESIDING JUSTICE HOLDOM delivered the opinion of the court.

This litigation involves claims of each party against the other. Appellant agreed to equip with the "Dorrance Smokeless Furnace and Grates" two water tube boilers installed in plant of appellee for the sum of $1,300. Payment was to be made in two installments, one-half when furnace was ready for firing and the balance 45 days thereafter.

The contract rested in a written proposition of appellant accepted by appellee. The proposition contains many specifications about the manner of installing the furnace and grates and many representations as to what such furnaces and grates would accomplish and some guaranties of performance. Among other guaranties are the following: "We hereby guarantee our furnaces and grate bars operated as per our instructions, as follows: Based on ample draft being furnished by your chimney and connections." "To be practically smokeless or sufficiently so to comply with present city ordinance." "To develop 50 per cent above the usual rating (ten square feet to H. P.) of boilers with good results." "To burn to best advantage any sized bituminous coal." The proposition further states that "All statements in this proposal are warranties, and in case of failure of any of said warranties, we agree to make the same good. We

further agree to repair any defects of workmanship and material if such defects appear within two years from the date of installment of said furnaces, provided, however, that such defects shall not be caused by the fault of the Dearborn Power Co. or its agents or employees, and provided further that said Dearborn Power Co. shall give prompt notice by mail of failure of any warranties or existence of such defects."

Appellant filed a declaration consisting of a special count setting forth the accepted proposition in *hœc verba,* and avers "that he, the said plaintiff, furnished the said materials and did and performed the said work in said contract mentioned to be furnished, done and performed by him." To this was added the common counts. A plea of the general issue was interposed, together with a notice of set-off, to which was attached a bill of particulars claiming the sum of $650, which it paid to appellant at the time the furnace and grate bars were installed ready to fire up, and also claimed $1,300 for damages alleged to have been suffered by reason of the breach of all the warranties contained in the contract and the fact that the furnace and grate bars proved utterly worthless.

The parties waived a jury and submitted the cause for trial by the judge. The finding of the court was in favor of appellee for $650, half of the contract price paid to appellant, less $71.32 for extra parts of grate furnished. Judgment thereon was entered for $578.68, from which this appeal is prosecuted.

Twenty errors are assigned upon the record, and while it is insisted that appellant relies on each and every assignment of error as ground for reversal, those chiefly urged on our attention in argument relate to appellee's failure to prove the ordinance of the city regulating smoke. That the finding of the court is contrary to the weight of the evidence. Error in the admission of memoranda in connection with the evidence of witnesses as to draft capacity of appellee's chimney at different times and in varying atmospheric conditions. Failure of appellee to prove any breach of warranties in con-

Dorrance v. Dearborn Power Co.

tract.   Insufficiency of notice of set-off to sustain judgment, etc.   Refusal to hold certain propositions of law and in modifying others.   In the court's interpretation of the meaning of the words "ample draft" as used in the contract.

It is obvious that appellant has taken an erroneous view of the obligations imposed upon him by his contract with appellee and the evident benefits to be obtained by appellee in virtue of it.

The very name of the furnace and grate proposed to be installed in connection with appellee's boiler plant indicates in no uncertain or equivocal terms the object intended to be attained.   It portends to so act as to overcome a prevalent evil broadcast in Chicago, and to make immune the plant and its owner from liability to discipline under the smoke ordinance.   By the contract appellant agreed to install a "Dorrance Smokeless Furnace and Grates."   He moreover warranted it to burn to best advantage any sized bituminous coal.   In setting forth the great advantages and economy of this "smokeless" ( ?) applicance appellant claimed that the cheapest kind and the finest grades of bituminous coal could be utilized in such furnace, and that large-sized coal was not necessary, and that such coal burned in such furnace would develop 50 per cent above the usual rating of boilers with good results, would be practically smokeless, or sufficiently so to comply with present city ordinance, and would utilize 70 per cent of the available heat units of the coal burned.   Such great advantages, this contract says, are not possessed by any other furnace in use.   All such statements, this contract further says, are warranties, and in case of failure will be made good and any defects occurring will be remedied for two years after the installing of the furnace. All these things were predicated upon one condition, viz.: ample draft being furnished by appellee's chimney and connections.   An examination of all the evidence in the record satisfies us that it is amply sufficient to sustain the finding of the trial judge and the judgment rendered thereon.

The proof is clear that the furnace put in by appellant fell far short of accomplishing what the contract guaranteed.

The combustion of coal in the furnace was incomplete and instead of consuming smoke, caused it to be emitted in volume sufficiently dense to violate the city ordinance regulating it. Appellant does not deny that appellee was fined for a violation of the ordinance, but seeks to lay the action of the court in inflicting the fine to the negligence of appellee in not appearing to defend. We are satisfied from the proof that whether fined or not, appellee was justly liable to be fined and deserved to be fined for the nuisance created by dense smoke emitted from its chimney in violation of the ordinance. The fact as to whether it was fined or not, in the light of the proof on the subject of the dense black smoke emitted from its chimney while operating with appellant's furnace and grates, is immaterial. The rulings of the trial court as to the admission of memoranda in evidence, in conjunction with the testimony of some of appellant's witnesses, we regard as unimportant in view of the state of appellant's proof and his admission that while his furnace and grates were in use the chimney emitted dense, offensive smoke. The evidence on this subject leads us to the same conclusion as the remark of the trial judge would indicate he came to in ruling that it was not necessary to admit the smoke ordinance in evidence. He said, "You"—referring to appellant—"admit it was not a success so far as the smoke was concerned." It is glaringly obvious that if the furnace and grates failed to work so as to create a practically smokeless chimney, that the whole purpose and intention of the contract failed.

Appellant contends that appellee was to furnish by its chimneys and connections such "ample draft" as would cause the coal used to be burned without emitting smoke. Such claim borders on the absurd and smacks of insincerity. Appellant knew the capacity of appellee's chimney and connections and had actual knowledge of its construction. The contract was entered into to place the so-called smokeless furnace in connection with the known existent condition at appellee's plant. Otherwise the contract would by interpretation be a delusion and a snare and instead of furnishing a means and process for smokeless coal combustion, would

obligate appellee to furnish sufficient draft in its chimney to make the coal burn so as not to emit smoke. In this situation it would be a smoky furnace, not a smokeless chimney. For it is a well-known fact that the proper arrangement of drafts in a chimney has considerable effect with a common, ordinary furnace and grate to minimize smoke. We must hold that the contract sued upon was entered into with knowledge of the chimney and connections in conjunction with which the furnace and grates were to be installed and operated, and its guaranties of smokelessness must be construed with that factor in mind.

The holding of the trial judge that the words "ample draft" as used in the contract meant ample draft for a furnace of ordinary construction, and not ample draft for the Dorrance furnace mentioned in the contract, was a ruling as favorable to appellant as the law warrants, as is apparent from what we have already indicated our opinion to be on this subject.

. It follows that there is no prejudicial error in the rulings of the court in the refusal and modification of the legal propositions submitted.

Objection to the sufficiency of the notice of set-off comes too late in this court, after a trial. The contention that the notice of set-off failed to apprise appellant of the nature and character of appellee's demand is without merit. The bill of particulars filed with the notice of set-off contained an itemized statement of appellee's claim. It was plain and served its function of informing appellant on what account appellee grounded its claim. We regard the notice of set-off, with its accompanying bill of particulars, as meeting every legal requirement; but if appellant was of a contrary opinion, he should have moved before the trial for a more specific bill of particulars. Failing in this and in going to trial, any infirmity of form or substance is cured, and the right now to object waived. Eddie v. Eddie, 61 Ill., 134, is authority for holding that going to trial under a notice of set-off without objection thereto is a waiver and

acts as an estoppel against raising the point in a court of review.    Shinn's Pleading and Practice, section 726.

As we have already shown, the evidence established as a fact that the furnace and grates did not work as they were guaranteed to; they did not prevent the emission of dense smoke, as represented and warranted they would do.    Appellee paid, in accordance with the terms of its contract, one-half of the contract price when the furnace was installed. But the fact remains that the furnace was unsatisfactory and failed to perform as guaranteed.    This was made known to appellant, and he was afforded every opportunity to correct the defects.    He continually worked at it and endeavored, we assume in good faith, to make it perform according to the contract stipulation.    He failed to accomplish what he had guaranteed and appellee, after patiently waiting for a realization of expectations it was justified in anticipating from the guaranty of the contract, rejected the apparatus. There is nothing in the proof authorizing a conclusion that appellee did not furnish as ample a draft as its chimney and connections were capable of producing.    This was the full measure of its obligation under the contract.    Appellant, having failed to perform the guaranties of his contract, appellee was entitled to a return of the amount paid in faith that the furnace and grates would operate as represented. The delay in rejecting the apparatus can not be regarded as unreasonable, in view of the constant attempt of appellant to remedy the defects seemingly inherent in it, and more particularly from the fact that he was constantly working at it in a seeming effort to make it operate and work as guaranteed.    Underwood v. Wolf, 131 Ill., 425.

The guarantee ran for two years and the rejection was within that time.

The judgment of the County Court being right, it is affirmed.

*Affirmed.*