Amos W. Tyler, President, Isaac L. Garrison, Vice President, O. W. Talbert, Cashier, et al., Directors, for use of Amos W. Tyler, Oliver W. Talbert et al., Plaintiffs in Error, v. Henry T. Goddard and Thomas W. Hall, Defendants in Error.

1. JUDGMENT, § 443*—*when in prior case is not former adjudication.* A judgment in a prior case is not a former adjudication where the matters in the former case are different from those in the later one and the parties are different.

2. PAYMENT—*when instructions in action to recover money overpaid by mistake improperly refused.* In an action of assumpsit by the directors of a new national bank against partners of a private bank to recover an amount alleged to have been overpaid by mistake to defendants on the purchase of the assets of the latters' bank, instructions that by the terms of the contract defendants represented that their bank had an actual capital and surplus invested, of a certain sum, and agreed to deliver that amount of capital and surplus invested in cash or good negotiable paper, and that if the capital and surplus so invested did not amount to such sum and that by reason of the representations of defendants, plaintiffs

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

paid a certain sum more than the amount so invested then plaintiffs could recover, *held* improperly refused, as they properly construed the contract.

3. INSTRUCTIONS, § 114*—*when misleading because inapplicable to issues.* In an action by the directors of a national bank against a private banking partnership to recover an alleged overpayment on the sale of defendants' business, an instruction that courts of law cannot reform or change a contract and that such change or reformation can only be effected in equity, *held* misleading where no attempt was made to have the contract changed or reformed.

4. PAYMENT—*when instruction on right of recovery of money paid under mistake is misleading.* In an action by the directors of a national bank against a private banking partnership to recover an alleged overpayment on the sale of defendants' business, an instruction that plaintiffs had been mistaken as to the legal meaning of the contract of sale involved and that money paid under an alleged mistake as to the legal effect of a contract cannot be recovered back, *held* to be misleading.

5. SALES, § 357*—*when instruction on right of sellers of business to express value in contract is misleading.* In an action by the directors of a national bank against a private banking firm to recover an alleged overpayment by mistake on the sale of defendants' business, an instruction that defendants had the right to place such value on the capital invested and business of their bank as they pleased and to have such value expressed in the written contract, whether such value was the actual value or not, *held* to be misleading.

6. CONTRACTS, § 205*—*when instruction leaving to jury interpretation of is erroneous.* An instruction which leaves to the jury the interpretation of a contract is erroneous.

7. ASSUMPSIT, ACTION OF, § 41*—*when lies.* Where an error is made in arriving at the amount due from the buyers of a banking business to the sellers at the time the assets of the bank are checked up and by reason thereof more is paid than should have been paid under the contract, an action of assumpsit lies to recover the amount overpaid.

8. JUDGMENT, § 693*—*when instruction on binding effect of former adjudication misleading.* In an action of assumpsit by the directors of a national bank against a private banking partnership to recover an alleged overpayment made on the purchase of defendants' banking business, an instruction that it is the policy of the law to end litigation and that if a judgment in trover in favor of one of the defendants against plaintiffs for costs was rendered, then, if the promissory notes involved in that case were the same notes which were sued on in the present case the judg-

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

ment in the former case was conclusive on the right to recover on such notes or their value, *held* to be misleading, since action was not brought in the second case to recover the value of any notes.

9. JUDGMENT, § 693*—*when instruction that jury may determine whether same matters are involved in successive actions is erroneous.* An instruction authorizing the jury to determine whether the same matters are involved in two successive actions, the former of which is claimed to be conclusive as a former adjudication, is erroneous.

10. EVIDENCE, § 403*—*when terms in contract may be explained by experts.* Any terms in a contract that have a technical meaning can be explained by experts having knowledge of that meaning; but it is not for experts to construe contracts, this being a matter for the courts.

11. CONTRACTS, § 205*—*construction as matter for court.* The construction of contracts is a matter for the court.

12. CONTRACTS, § 191*—*when final contract and proposal may be construed together.* A final contract for the purchase of a banking business and a proposal may be construed together where they refer to and supplement each other, and especially where the adverse parties admit that the contract substantially conforms to the proposal.

Error to the Circuit Court of Wabash county; the Hon. WILLIAM H. GREEN, Judge, presiding. Heard in this court at the March term, 1917. Reversed and remanded. Opinion filed October 24, 1917. Rehearing denied January 10, 1918.

BOGGS, BOGGS & HEIDINGER and CREIGHTON & THOMAS, for plaintiffs in error.

P. J. KOLB, M. J. WHITE and GREEN & RISLEY, for defendants in error.

MR. JUSTICE BOGGS delivered the opinion of the court.

An action in assumpsit was brought by plaintiffs in error (hereafter called plaintiffs) against defendants in error (hereafter called defendants) in the Circuit Court of Wabash county, to recover the amount alleged to have been paid by mistake to defendants

on the sale of a bank building, fixtures, etc. A trial was had resulting in a verdict and judgment against plaintiffs in bar of action and for costs. To reverse said judgment this writ of error is prosecuted.

The principal ground relied on by plaintiffs for a reversal of said cause is that the verdict is against the manifest weight of the evidence and on the instructions.

The record discloses that on or about the 13th day of September, 1913, plaintiffs, a company of men in the vicinity of Wayne City having taken steps to organize a National Bank in said city, were made a proposition in writing by defendants, partners in a private bank, for a sale of their said bank building, fixtures, etc.

It was recited in said proposal that it should stand and be binding on all parties. On the evening of the 13th of October, 1913, the assets of the bank were checked up by a committee representing plaintiffs and by Harry H. Clark, cashier of the Wayne City Bank, representing defendants. At that time $6,046.67 of the bills receivable of said bank were taken by Clark as so much on the purchase price of said bank, furniture, real estate, etc., and a draft was issued by plaintiffs to defendants for $10,893.40, making with said bills receivable, $17,030.07. It is insisted by plaintiffs that in making said settlement they overpaid defendants $6,080, and to recover said amount this suit was instituted.

Possession of the Wayne City Bank was taken by plaintiffs on October 14th, being the next day after the assets were checked. Immediately thereafter plaintiffs insisted that an error had occurred in the settlement of said contract and made a demand on Clark, the cashier of the Wayne City Bank, for the return of the notes which he had taken from the bank the evening of the settlement. On his refusal to re-

turn the same an action in trover was brought by plaintiffs against Clark and defendants to recover the value of said notes. During the pendency of the trial the suit was dismissed as to defendants and the suit thereafter was prosecuted against Clark alone, and resulted in a verdict and judgment in favor of Clark and against plaintiffs for costs. It is now insisted by defendants that this trial amounted to a former adjudication of the matters here in controversy and that plaintiffs are not entitled to prosecute this suit. An examination of the record in that case discloses that the matters there in issue were different from the matters in issue in this suit and the parties are not the same. We hold, therefore, that the suit in trover does not amount to a former adjudication and is no bar to the prosecution of the suit here involved. *Garrett v. John V. Farwell Co.*, 199 Ill. 436.

Without going into the pleadings in this case, which are somewhat extended, it will only be necessary to say that the issue made and the principal controversy in this case is the construction to be placed upon the contract entered into by defendants with plaintiffs for a sale of the assets, real estate, furniture, etc., of the Wayne City Bank.

The final contract entered into by said parties provided, among other things, that "the said bank of Wayne City shall be checked up, when ready for delivery, by an auditing committee consisting of H. H. Clark and any two of the above mentioned parties of the second part (plaintiffs), and proven in balance. The bank shall show actual cash capital and surplus invested to the amount of $10,675.75, and $2,080, furniture and fixtures and $4,000 real estate.

"The said parties of the second part (plaintiffs) hereby agree to pay to the said party of the first part (defendants), on delivery of possession of the said bank property the total aggregate sum of $16,755.75.

And this sum is understood to be full and complete pay and compensation for the entire bank property of the said Bank of Wayne City. And to include all the books and business on the same, bonus and pay for said business and good will, all moneys and credits, building, furniture and fixtures, supplies, blanks, etc.

"And the said parties of the second part further agree that on the delivery of the said bank to them they assume the liabilities of the said bank, including deposits of the said bank that are subject to check and certificates of deposit, bills payable and all forms of liability appearing on the said books of the said bank when same shall have been proven in balance, and the said parties of the second part shall execute and deliver to the said party of the first part, a good and sufficient bond, to be approved by the said party of the first part, obligating the said parties of the second part to fulfill the said obligations of the said party of the first part, to pay off such deposits, certificates and bills payable, on demand or at maturity.

"And the said party of the first part does hereby agree that, immediately upon payment to said party of the first part by the said party of the second part of the sum of $10,675.75 to cover capital stock invested, in full in cash or its equivalent in good negotiable approved paper, and the additional sum of $6,080, representing the value of the real estate, furniture and fixtures, that is to say, upon the payment to the said party of the first part the sum of $16,755.75, the said party of the first part shall deliver to the said parties of the second part the personal property, including cash, credits, bills receivable, furniture and fixtures, supplies, and all the bank equipment, together with the books and business on the same, together with the good will of the said party of the first part."

Said contract further provides for a conveyance by warranty deed of the real estate on which said bank is

located, together with the first or lower story of the two-story brick bank building situated thereon.

The remainder of the contract is not important so far as the matters here in controversy are concerned.

The court in our judgment wholly failed to properly construe the above contract in its instructions to the jury. A large number of instructions were tendered by plaintiffs presenting their theory of the proper construction of the contract involved which were refused by the court. Certain of these instructions, we think, stated correct principles of law and were not covered by other instructions given, and it was error to refuse the same. Among this number is the fourteenth and fifteenth of plaintiffs' refused instructions, the fourteenth instruction being as follows: "The Court instructs you that, by the terms of the contract in this case, the defendants represented and stated to the plaintiffs that their bank had an actual capital and surplus invested to the amount of $10,675.75 and agreed to sell and deliver to the plaintiffs that amount of capital and surplus invested in cash or good negotiable paper. And if you find from the evidence in this case that the capital and surplus of the bank of the defendants invested in cash or good negotiable paper did not amount to $10,675.75 and that by reason of the representations so made to the plaintiffs in said contract that said capital and surplus invested in cash or good negotiable paper was the sum of $10,675.75 the plaintiffs were induced to and did pay the defendants $10,675.75 for such capital and surplus and that the amount so paid to the defendants was $6,080 more than the amount of the capital and surplus invested in cash or good negotiable paper, then your verdict should be for the plaintiffs in the sum of $6,080 and interest thereon at the rate of five per cent. per annum from the date of such payment to the present date."

The fifteenth instruction is, in its effect, practically the same as the fourteenth instruction, but is stated

in a different way. The court erred in refusing to give these two instructions, as they properly construed said contract.

The court gave 22 instructions on behalf of the defendants. Instruction No. 3 informs the jury that courts of law cannot reform or change a contract, but such change or reformation can only be accomplished in a court of equity on a bill filed for that purpose. This instruction was misleading for the reason that there was no attempt made in this proceeding to have the contract in question changed or reformed, but to have it interpreted and enforced according to its plain legal effect.

Instruction No. 5, in effect, assumes that plaintiffs had been mistaken as to the legal meaning of the contract involved and informs the jury that money paid under an alleged mistake as to the legal effect of a contract cannot be recovered back. This instruction was misleading and should not have been given.

Instruction No. 6 is of the same character as instruction No. 3 and should not have been given.

Instruction No. 8 informs the jury that the defendants had the right to place such value on the capital invested and the business of such bank as they pleased and to have such value expressed in the written contract, whether the value so expressed was more than the actual value or not. This instruction would have a tendency to mislead the jury as to the real issues in the case, and the court erred in giving it.

Instructions 10, 11 and 15 are erroneous for the reason that they leave to the jury the interpretation of the contract. Defendant's instruction 16 informs the jury that if at the time the parties checked up the assets of the bank they believed they had the amount owing by the plaintiffs to the defendants properly ascertained and that the plaintiffs were paying the defendants the correct amount they were required to pay, and had a full understanding of all the material

facts surrounding or pertaining to said transaction, that then the plaintiffs cannot recover back any part of said purchase money on a claim that such part was paid without consideration or that the defendants' claim therefor was unenforceable. This instruction does not state a correct principle of law. If an error was made in arriving at the amount that was due from the plaintiffs to the defendants at the time the assets of the bank were checked up, and by reason of that error plaintiffs paid the defendants more than they were entitled to under the contract, they have a right of action in assumpsit to recover the amount so overpaid. *Eddie v. Eddie*, 61 Ill. 134; *Commercial Union Assur. Co. v. Scammon*, 133 Ill. 627; *Starrett v. Brosseau*, 208 Ill. 408.

Instruction No. 18 informs the jury that it is the policy of the law that there should be an end of the litigation between the same parties in regard to the same matter, and states to the jury that if a judgment in the trover suit was rendered in favor of Clark "and against the plaintiffs for costs of suit, then, if the promissory notes, sued for in that case, are the same promissory notes, or their value, sued for in this action against the defendants, Goddard and Hall, the judgment rendered in the former case should be held by the jury to be conclusive against the rights of the plaintiffs to recover in this action, on account of said promissory notes or their value, and the jury should so find." The record discloses that the suit here brought was not to recover the value of any notes. It was misleading to instruct the jury in regard thereto. Instruction No. 19 is erroneous for the reason that it informs the jury that if the judgment rendered in the trover case against Clark involved the same matters as the suit then on trial that, that judgment is just as conclusive as a former adjudication as if the trover suit had not been dismissed as to the defendants in this case. In other words, the instruction left it to the

jury to say whether the same matters were in controversy in the trover suit as were in controversy in the suit they were trying.

It is further contended by plaintiffs that the court erred in allowing experts to testify on behalf of the defendants with reference to the meaning of the terms used in the contract. Any terms in a contract that have a technical meaning can be explained by experts having knowledge of that meaning. It is not, however, for the experts to interpret or put their construction on the contract; that is a matter for the court. *Rankin v. Sharples,* 206 Ill. 301. These witnesses were allowed to go beyond the mere explanation of the technical terms used in the contract, and to that extent the court erred in allowing them to testify.

Plaintiffs also insist that the final contract entered into by said parties should be read and construed in connection with the proposal contract entered into as they refer to and supplement one the other. The proposal contract was admitted in evidence without objection and was referred to by both parties in the argument, and we see no reason why they should not be construed together. Especially in view of the fact that appellees in their brief and argument state that: "The contract executed and entered into between the parties is in substantial conformity with said written proposal."

We express no opinion on the weight of the evidence as the case is to be retried. Other errors were assigned but it is not necessary to discuss them here.

For the reasons above set forth, the judgment of the trial court is reversed and said cause will be remanded.

*Reversed and remanded.*