## HENRIETTA H. STARRETT

*v.*

## NOEL BROSSEAU, Exr.

*Opinion filed February 17, 1904—Rehearing denied April 12, 1904.*

1. ACTIONS AND DEFENSES—*nature of action at law not changed because prosecuted in form of claim against estate.* A right of action at law against a person while living remains an action of the same nature, whether it is brought against the administrator or executor in the circuit court or filed in the county court as a claim against the estate.

2. COURTS—*when presentation of a claim does not require exercise of equitable jurisdiction by county court.* Presentation of a claim against the estate of a deceased agent does not require the exercise of equitable jurisdiction by the county court where no breach of trust is involved, the claim being a money demand based upon a single alleged mistake in the agent's account, for which an action at law might have been maintained against the executor.

3. SAME—*when the Supreme Court cannot review facts in proceeding against estate begun in county court.* Section 89 of the Practice act precludes the Supreme Court from reviewing the facts, on appeal from the Appellate Court, in a proceeding against an estate begun in the county court, where the county court, in passing upon the claim, does not exercise its equitable powers.

*Starrett* v. *Brosseau*, 110 Ill. App. 605, affirmed.

APPEAL from the Appellate Court for the Second District;—heard in that court on appeal from the Circuit Court of Kankakee county; the Hon. JOHN SMALL, Judge, presiding.

J. STARRETT, for appellant.

H. K. & H. H. WHEELER, for appellee.

Mr. JUSTICE BOGGS delivered the opinion of the court:

Truman Huling, appellee's testator, and Milo Huling, were the executors of the last will of George V. Huling, deceased. The will bequeathed the residuum of the estate, in equal parts, to ten legatees, of whom appellant was one. On the 10th day of April, 1895, the executors

made a partial distribution in cash and notes to each of the ten legatees, by which each legatee received in cash and notes $50,205.57. In order to accomplish this distribution, Truman Huling, deceased, advanced a considerable sum of money and took therefor certain of the notes which belonged to the deceased, George Huling, the money so advanced being distributed to the legatees. Among the notes for which he so advanced the money were, so said Truman Huling claimed, certain notes which may be conveniently known as the "Fritz, Erzinger and Fortin" notes. Subsequently the appellant placed the notes falling to her share in the distribution in the hands of Truman Huling, appellee's testator, for collection. Said Truman made a list in a small book, which he gave to the appellant, of the notes so held by him for collection for her, and in the list appeared the Fritz, Erzinger and Fortin notes heretofore mentioned. On the 9th day of September, 1897, said Truman and Milo Huling, as executors, made final settlement of the estate of George Huling, deceased, and were discharged by the probate court from further duty in respect of said estate. After the settlement of the estate said Truman Huling continued to act as agent for the appellant in the matter of the collection of the principal and interest of her notes. In March, 1899, correspondence between the appellant and said Truman disclosed to the latter that the Fritz, Erzinger and Fortin notes were listed on the book he had given appellant, as belonging to her. He then insisted that an error had been made, by which these notes and the money which he had advanced for them were both distributed to the legatees, whereby each legatee received something more than $600 more than he was entitled to have. He advised all of the legatees, and after much correspondence his insistence was accepted as being correct, and it was further agreed that he should retain the Fritz, Erzinger and Fortin notes, and that each legatee should pay the amount necessary from each, re-

spectively, to correct the error and re-pay the appellant for the loss of the Fritz, Erzinger and Fortin notes. This was done, and each of the legatees, other than the appellant, paid him $618.98, which he paid to the appellant to correct the error aforesaid. The appellant refunded the same sum by deducting the same from the proceeds of the collection of a note known as the "Maltman note," which said Truman held for collection for her. The adjustment of the alleged error was concluded on the 19th day of September, 1899. Truman Huling died in February, 1902. He left a will, which was probated and the appellee qualified as executor. On the 8th day of April, 1902, the appellant filed a claim against the estate in the total sum of $1391.35. In the claim she charged the deceased with the Fritz, Erzinger and Fortin notes and with the amount deducted from the Maltman note as her contribution to the refunding fund, and credited him with the amount paid to her, which the other legatees had paid him as their contributions to the refunding fund. She also claimed interest from the date of the adjustment of the alleged error. The cause was heard before the county court and judgment was entered against the claimant (the appellant). She perfected an appeal to the circuit court of Kankakee county. When the cause came on to be heard in the circuit court, the parties, by agreement, waived a trial by jury and submitted the cause to the court for decision. A hearing resulted in the rejection of the claim, and the claimant perfected an appeal to the Appellate Court for the Second District. The Appellate Court affirmed the judgment of the circuit court, and the claimant has brought the case into this court by her further appeal.

The parties presented to the trial judge in the circuit court a number of propositions to be held as announcing correct legal principles applicable to the contentions, but it is not assigned as for error or contended that the court erred in ruling on said propositions, or any of them.

The contention for solution, as counsel for appellant urges, is whether, in making the distribution among the legatees of the estate of George Huling, deceased, said Truman Huling advanced money for the Fritz, Erzinger and Fortin notes, and the money so advanced and the notes were both divided among the legatees. If such an error was not made, counsel for appellant contends said Truman Huling, as her agent, having her notes for collection, should have accounted to her for the principal and interest of the Fritz, Erzinger and Fortin notes and should return to her the $618.98 retained out of the proceeds of the Maltman note, admitting, however, that the amount paid by the other legatees through him to her should be deducted from the total of her claim. This, it is clearly seen, presents but a question of fact for decision. It is, therefore, pertinent to inquire whether, in view of the provisions of section 89 of the Practice act, the appellant is entitled to have another hearing on a mere question of fact, or whether the determination of the circuit court and the Appellate Court as to the controverted question of fact in the case is final and conclusive. If the proceeding is to be regarded as a cause in chancery the provisions of said section 89 of the Practice act have no application, and appellant is entitled to have the testimony again considered in this court and the weight thereof determined according to the judgment of this court. (*Henry* v. *Caruthers*, 196 Ill. 136.) In the case cited we investigated and determined the facts in a claim filed by the appellee, Caruthers, but his claim was against the deceased to recover a debt due from a co-partnership of which the deceased was a member, other members of the firm being alive but insolvent. We held that an action at law might be maintained against the surviving partners and that equity afforded a remedy against the legal representative of the deceased partner, and held that the proceeding was therefore to be regarded as a cause in equity and might be reviewed by this court on the facts.

County courts sitting in probate have jurisdiction of both legal and equitable claims against a decedent, but a right of action at law against a person while living remains an action of the same nature against his legal representatives. It may be prosecuted in the circuit court as an action at law against the administrator or executor, (*Darling* v. *McDonald*, 101 Ill. 370,) or may be filed in the county court as a claim against the estate, and in the latter forum the proceeding is to be regarded as an action at law, so far as the provisions of the Practice act under consideration are concerned. Whether instituted in the circuit court or in the county court in probate, if the action is one at law the Appellate Court is the final court of appeal as to controverted questions of fact.

It can hardly be questioned, it seems to us, that an action at law would have afforded an adequate remedy for the recovery of any amount due the appellant from the deceased. She did not seek a full accounting of the many transactions of the decedent, as her agent. She did not claim that he had made a profit out of the subject matter of the agency, to which she was entitled under equitable principles. Her claim was specific and touched but one of the transactions of the agency. The claim was not against him to recover because of any act or omission as the executor of George V. Huling. The two executors of the will of George V. Huling had fully settled the estate and had been discharged, and it is not proposed to disturb or question the correctness of that settlement. The decedent was the agent of the appellant, and as such had possession of her notes and securities and possessed power to collect and receive payment of the same. The bare relation of principal and agent does not give jurisdiction to a court of equity to entertain a bill for the collection of amounts claimed to be due from the agent or for an accounting. (16 Ency. of Pl. & Pr. 920.) Equity does not exercise jurisdiction merely because a

confidence is reposed or another is trusted with the performance of the acts for the benefit of another. (*Steele v. Clark*, 77 Ill. 471.)

Courts of equity have entertained bills to enforce an accounting by an agent, but only when some special feature or features were present requiring the aid of chancery, as, for instance, that an agent has employed the subject matter of the agency in an enterprise of his own and enjoyed a profit therefrom, or where there has been a failure to account amounting to a breach of trust, or if an accounting involves the examination of so many complicated transactions between the principal and the agent, or the latter, as agent, and other persons, that it would be impracticable to adjust them in an action at law, or where the principal is entitled not only to recover money, but also property which was or has become the subject matter of the agency. In such cases equity will entertain a bill on the ground courts of law cannot afford an adequate remedy. (16 Ency. of Pl. & Pr. 920.) The nature of the agency, the duties of the agent, may create a trust in the subject matter of the agency, in which case equity will entertain a bill for an accounting and relief. In *Weaver* v. *Fisher*, 110 Ill. 146, a case of the latter character was presented, and we upheld the jurisdiction of a court of equity to grant relief. Bills in chancery were entertained in *Smith* v. *Wright*, 49 Ill. 403, for the reason an agent who had been employed to obtain a land warrant for the principal, fraudulently procured the warrant to be located on land in his own name; and in *Clapp* v. *Emery*, 98 Ill. 523, the ground of equitable jurisdiction of an accounting was, that the peculiar circumstances of the case constituted the agent a trustee and the transaction a trust; and in *Davis* v. *Hamlin*, 108 Ill. 39, the agent was held a trustee, in equity, of a lease which, in violation of the trust reposed in him, he had procured to be executed to himself for his personal gain. The same equitable doctrine that an agent who has dealt in the prop-

erty of the agency for his own benefit will be deemed a trustee in equity, controlled in *Reese* v. *Wallace*, 113 Ill. 589, *Vallette* v. *Tedens*, 122 id. 607, *Roby* v. *Colehour*, 135 id. 300, and *Conant* v. *Riseborough*, 139 id. 383.

It cannot, it seems to us, be questioned but that an action at law would have afforded adequate relief in the case at bar. There was no claim the agent had, in violation of his duty, dealt in the matter of the agency on his own account or for his own benefit and that she was entitled to have him declared to hold the benefit of the transaction as in trust for her. It was not desired to open up the affairs of the agency generally. The account of the agent and his acts and doings were unquestioned save as to the one matter. The claim did not involve any alleged breach of a trust. It was for a simple money demand based upon an alleged error in a single transaction. Had the decedent not died an action in assumpsit would have afforded an adequate remedy, or that action might have been instituted against the executor. In *Eddie* v. *Eddie*, 61 Ill. 134, which was an action at law, we said: "No one will contend that if an error was committed in settling accounts by parties the mistake or error might not be shown, and if it may be and is shown, then the party against whom the error was committed is not bound by that settlement as then made. This instruction only announces this rule, and is correct."

We think an action at law provided an adequate remedy and that no ground for equitable interference existed. The proceeding is not, therefore, a proceeding in equity, but at law. The parties clearly regarded the proceeding as an action at law. They waived trial by jury and submitted propositions of law to be held or refused by the court. This was the proper view, and that being true, the statute has denied to appellant another hearing in this court on mere controverted questions of fact.

No error of law appearing, the judgment of the Appellate Court is affirmed.

*Judgment affirmed.*