## William P. Black, Administrator, etc., v. George Thomson, Administrator, etc.

### Gen. No. 11,928.

1. REMEDIES—*when cumulative and concurrent.* The remedy in equity to foreclose a trust deed and that at law to sue in assumpsit on the note secured by such trust deed, are cumulative and concurrent.

2. FORECLOSURE PROCEEDING—*who necessary and proper parties to.* The maker of a note and trust deed sought to be foreclosed is a necessary party to such proceeding; the administrator of a deceased maker likewise is a proper party to such a proceeding.

3. JOINDER IN ACTION—*when party estopped to deny propriety of.* A party joined in an action is estopped in a subsequent proceeding to deny the propriety of such joinder where he appeared, answered and did not in any way raise the question as to the propriety of his having been so joined.

4. RES JUDICATA—*what is.*  The findings of a decree in a foreclosure proceeding are *res judicata* in an action at law instituted upon the notes foreclosed where the parties are identical and no question of jurisdiction is raised.

5. RES JUDICATA—*what does not affect.*  The fact that an appeal from a decree containing certain adjudication is still pending and undisposed of, does not affect its conclusive character in another action between the same parties involving the same subject-matter, where no question of jurisdiction is raised; nor does the order in which the respective suits were instituted in anywise affect the question as to the effect of the decree.

Contest in court of probate.  Appeal from the Circuit Court of Cook County; the Hon. EDWARD F. DUNNE, Judge, presiding.  Heard in this court at the October term, 1904.  Reversed and remanded.  Opinion filed May 1, 1905.  Rehearing denied May 18, 1905.

**Statement by the Court.**  July 15, 1896, Dougald Muir, then the executor of the estate of James Reid, deceased (now represented by appellant), filed a claim in the Probate Court of Cook County, Illinois, against the estate of Isabella H. Thomson, deceased (now represented by appellee), on twelve promissory notes for $500 each, dated June 1, 1892, due in eight years from date with interest at five per cent. per annum, signed by Duncan M. Thomson and Isabella H. Thomson, his wife.  A trial was had in that court which resulted in a verdict for appellee.  The probate judge set the verdict aside.  When the claim came up again for hearing, no defense was made, and it was allowed May 18, 1898, for $7,639.17.  An appeal was taken to the Circuit Court.  The judgment of allowance was correctly noted on the claim by the probate judge and on the docket.  The appeal bond followed that finding, but the transcript filed in the Circuit Court described the judgment as in favor of Joseph N. Barker, administrator of the estate of Isabella H. Thomson, deceased, instead of in favor of Joseph N. Barker, the then administrator of the estate of James Reid, deceased, and also stated that the appeal was by said Barker instead of by George Thomson, administrator of Isabella H. Thomson, deceased.

The claimant failed to follow the appeal and the claim was dismissed May 9, 1899.  September 29, 1900, the claim-

ant entered a special appearance and moved to vacate the order of dismissal, which motion was denied November 3, 1900. From the action of the court in this regard an appeal was perfected to this court. Upon the hearing we reversed and remanded the cause, saying, among other things: "There being no transcript of any judgment such as that appealed from, the court had not jurisdiction of the subject-matter when the judgment was rendered, and could not try the cause." Barker v. Estate of Isabella H. Thomson, 98 Ill. App. 78. This opinion was filed November 7, 1901. Thereafter the cause was reinstated in the Circuit Court. November 2, 1900, but without leave of court, a correctional order entered by the Probate Court, which supplied the defect in the transcript, was filed among the papers of this case in the Circuit Court.

July 27, 1900, the administrator of the Reid estate filed a bill in the Superior Court to foreclose a deed of trust given to secure the payment of these notes. To that bill the administrator of the estate of Mr. and Mrs. Thomson and all the heirs and devisees of each of them, were made parties. The defendants in a joint and several answer set up as a defense that on April 2, 1892, Duncan M. Thomson borrowed of James Reid $6,000 to purchase the premises described in the bill; and being thus indebted about June 1, 1892, he executed and delivered the notes and trust deed in question, except that at that time neither the notes nor trust deed were signed by Isabella H. Thomson; that about the 1st of October, 1892, the notes and trust deed were delivered by Reid to Dougald Muir, his agent, for the purpose of having the same signed by said Isabella, and afterwards, on the 3rd of November, 1892, the trust deed and notes were signed by her; that she received no valuable consideration and never had any interest in the property purchased with the money except an inchoate right of dower; that at that time it was represented to her the only purpose of her signing was to release her dower right in the property, and she did not know she incurred any liability by signing the notes and trust deed; that the estate

of said Isabella having already suffered one judgment of liability on the notes, and the matter being then pending by appeal in the Circuit Court, the complainant had no right to a trial in and a judgment of the Superior Court upon that question; and that the estate of said Isabella had no interest whatever in the mortgaged premises. At the hearing these defenses were disregarded by the chancellor, who entered a foreclosure decree April 7, 1902, which contained, among other things, a direction to the master to report the amount of the deficiency, if any, on the sale, and that "when such amount of deficiency is ascertained the same shall be allowed against each of said estates of Duncan M. and Isabella H. Thomson, payable in due course of administration as of class 7."

Appellee here, and defendant there, appealed the cause to this court, where the decree of the Superior Court was affirmed. Thomson v. Barker, 108 Ill. App. 437. The cause was thereafter taken to the Supreme Court, where the judgment of the Appellate Court was affirmed. Thomson v. Black, 208 Ill. 229. It is but fair to state, that the question argued in each of the reviewing courts was as to whether or not that portion of the decree which provides for the allowance of the deficiency after sale, if any, against the estates of the makers of the notes and trust deed, was valid. Each court held that as to this question the appeal was premature, and affirmed the decree of the Superior Court. April 17, 1902, a trial was had in the Circuit Court on the reinstated claim before Judge Hanecy. The claimant introduced the notes and the decree of the Superior Court. Judge Hanecy held the decree final and *res judicata* as to the liability of the estate of said Isabella on the notes, and excluded all matters of defense tendered by said estate, and directed a verdict for the claimant, upon which he entered judgment. Being informed that an appeal was about to be taken from said foreclosure decree, the court retained control of its judgment, so that if the decree was reversed he could set such judgment aside and hear the cause upon its merits.

In the early part of 1904 the motion pending to vacate the judgment entered upon the claim by Judge Hanecy (his term having expired), was called up before Judge Dunne of the Circuit Court, who set aside the judgment and granted a new trial. May 17, 1904, the trial of the claim was had before Judge Dunne and a jury. Before the jury was called the claimant moved to dismiss the appeal on the ground of variance between the bond and the transcript on file, which motion was overruled. After the jury was impanelled the defendant's attorney stated, among other things, that he would prove that Dougald Muir, the attorney and agent of James Reid, represented to Isabella H. Thomson, at the time she signed the trust deed and notes in suit, that the only object in having her sign them, was to release her dower in the premises described in the trust deed, and that he would further prove that Isabella H. Thomson did not receive any part of the money, and that there was no consideration for her signing the notes and trust deed.

The claimant put in evidence the notes and trust deed, and then offered in evidence in full and in detail the said foreclosure proceedings, to which offer the defendant objected. The objection was sustained and the claimant duly excepted to the ruling. The claimant then put in evidence the summons issued in the foreclosure case showing the service thereof upon the administrator of the estates of D. M. and Isabella H. Thomson, and also a demurrer to said foreclosure bill filed by said administrator August 27, 1900. The defendant then offered evidence tending to prove the defense outlined in the opening address of counsel. The jury returned a verdict against the claimant, and the court entered judgment thereon. From which judgment appellant, the claimant, perfected this appeal.

WILLIAM R. PLUM, for appellant.

FRED H. ATWOOD, FRANK B. PEASE, WILLIAM S. CORBIN and CHARLES O. LOUCKS, for appellee.

MR. PRESIDING JUSTICE BALL delivered the opinion of the court.

The contention in this case is as to the effect of the decree rendered in the foreclosure proceedings upon the present suit, when such decree is offered in evidence as *res judicata*.   The issue in each suit was whether or not these notes were binding upon the estate of Isabella H. Thomson, deceased.

It is elementary that one holding promissory notes secured by a trust deed, may bring assumpsit on the notes and also may file a bill to foreclose the trust deed at one and the same time.  The pendency of one of these suits cannot be pleaded in abatement of the other.  Each court has jurisdiction to hear and determine the issues involved in the cause before it.  Both actions may proceed to final judgment.  The only limitation is that there can be but one satisfaction.

The estate of Isabella H. Thomson, deceased, was a proper party to the foreclosure proceedings.  She had signed the notes and trust deed.  Had she lived until that suit was started she would have been a necessary party. Gilbert v. Maggord, 1 Scam. 471;  Leonard v. Villars, 23 Ill. 322;  Wiltsie's Mtg. Forcl., secs. 135, 207.  Mrs. Thomson having died before the suit in equity was begun, her administrator was a proper party thereto.  Even if this were not so, appellee is estopped to raise the question by his appearance in that suit, filing an answer therein, and contesting the right of appellant to a decree.

The facts of this case render the citation of authorities unnecessary upon the question of what is and what is not *res judicata*.  It is admitted that the parties in the two actions are the same, and that the same defense was interposed to the claim in the law trials before Judges Hanecy and Dunne as was set up in the chancery proceedings.  The decree in the Superior Court preceded the first trial upon the claim in the Circuit Court.  That decree has never been set aside.  On the contrary it was affirmed by this court and by the Supreme Court.  It fixed the liability of the es-

tate of Mrs. Thomson to pay any deficiency that might arise from the sale.

No question of jurisdiction was involved in the offer in the trials at law to put in evidence the foreclosure proceedings, and then, if admitted, to ask the court to pass upon their effect. The law court had still the right to hear and determine the case before it upon such competent evidence as the parties might see fit to present for its consideration.

The fact that the decree of foreclosure was appealed from and that such appeal was pending at the time of the trial before Judge Hanecy, did not suspend the effect of the decree as *res judicata*. An appeal does not destroy the lien of a judgment or decree. Until vacated that decree was competent and conclusive evidence in the suit at law, both cases being between the same parties and upon the same subject-matter. Brown v. Schintz, 203 Ill. 136, and cases cited. Even if this were not the law, appellee is not advantaged thereby, for the reason that prior to the trial before Judge Dunne the decree had been affirmed.

"A judgment is properly deemed a bar to further litigation on principles of public policy, because the peace and order of society require that a matter once litigated should not again be drawn in question." 6 Wait's Actions & Defenses, 767.

"The judgment of a court of competent jurisdiction, directly upon the point, is, as a plea, a bar, or as evidence, conclusive between the same parties, upon the same matter directly in question in another court." DeGrey, C. J., in Duchess of Kingston's case, 11 State Trials, 198, cited in 2 Smith's Lead. Cas., 573.

The order of time in the bringing of the two suits is immaterial. A prior judgment upon the same cause of action sustains a plea of a former recovery, although the judgment is in an action commenced subsequently to the one in which it is pleaded. 6 Wait's Actions & Defenses, 769; Casebeer v. Mowry, 55 Pa. St. 422; Sharon v. Hill, 26 Fed. R. 337–344. Sharon v. Hill, *supra*, was a suit brought by Sharon October 3, 1883, to have a certain alleged declara-

tion of marriage between himself and the defendant declared to be false and fraudulent and be delivered up to be canceled, etc. November 1, 1883, Hill, by the name of Sharon, commenced a suit for divorce from Sharon in the Superior Court of the State of California, in which this declaration of marriage was set up. In December, 1884, the State Court found that said declaration of marriage was true and genuine. From this decree an appeal was taken which was pending at the time of the trial of Sharon v. Hill. In that trial the finding of the Superior Court was set up as *res judicata* between the parties. In passing on this matter the court says: "One other question remains to be disposed of before passing to the consideration of the genuineness of the alleged declaration of marriage, and that is the effect of the finding and adjudication of the Superior Court in Sharon v. Sharon. At first blush I was of the impression that this suit having been first commenced, neither the right to maintain it, nor the determination of any question involved therein, could be affected by any finding or judgment in the case of Sharon v. Sharon. But on further reflection and examination of the authorities I am satisfied that the law is otherwise as to the effect of the finding or judgment. It matters not in which suit the subject of the controversy or any question involved therein is first determined; the result may be set up as a bar or estoppel, as the case may be, against the further litigation of the same matter in the other. The maxim, *interest reipublicæ ut sit finis litium*, equally applies."

In Allis v. Davidson, 23 Minn., 442, Allis brought suit August 17, 1874, in the District Court of Ramsey County, Minnesota, to impeach the validity of a note and mortgage and to procure their cancellation. While that action was pending Davidson filed a bill in the U. S. Circuit Court to foreclose the same mortgage, and obtained a decree of foreclosure in which the amount due upon the note was ascertained, a sale ordered, and Allis found to be personally responsible for the deficiency, if any, arising from the sale. Davidson set up these matters in a supplemental

answer in the first suit. Allis demurred. The court over-
ruled the demurrer. On appeal the Supreme Court say :
"Under the issues tendered by the bill of complaint in
that (U. S. Court) suit, the validity of the note and mort-
gage in controversy, and the amount due thereon, were
necessarily involved and adjudged by the judgment therein
rendered. The jurisdiction of the court being undoubted,
both as respects the subject-matter and the parties, it fol-
lows that its judgment, when properly pleaded, is a con-
clusive bar to any further litigation of the same matters
arising between the same parties in any other action,
whether such other action was begun before or after the
suit wherein judgment was rendered."

In Bellinger v. Craigue, 31 Barb. 534, the plaintiff sued
Craigue, a physician, for malpractice. While the case was
pending the defendant brought an action of *assumpsit* be-
fore a justice of the peace for his fees, and recovered a
judgment for the whole amount claimed. Upon the trial
of the first case the defendant interposed the justice judg-
ment as *res judicata.* Held, that as the plaintiff's claim
was within the issue joined in the justice court, and its
determination necessarily was included in that judgment,
such judgment was a bar to the cause of action set up in
the first suit. See, also, to the same effect, Davis v. Bedsole,
69 Ala. 362; Maher v. State, 53 Ga. 448; Paine v. Schenec-
tady Ins. Co., 11 R. I. 411; President, etc. v. Brown, 50 Me.
214; Duffy v. Lytle, 5 Watts, 131.

Our conclusion is that the trial court committed reversible
error in excluding the foreclosure proceedings offered in
evidence by appellant, and therefore we reverse the judg-
ment of the Circuit Court and remand the cause.

*Reversed and remanded.*