---

(No. 13842.—Reversed and remanded.)
ALEXANDER W. HANNAH, Plaintiff in Error, *vs.* HENRY MEINSHAUSEN, Admr. Defendant in Error.

*Opinion filed October 22, 1921—Rehearing denied Dec. 7, 1921.*

1. ADMINISTRATION—*probate courts do not have general chancery jurisdiction.* The jurisdiction of probate courts is fixed by section 6 of the constitution and the acts of the legislature passed in pursuance thereof, and while such courts may, within the limits of the jurisdiction so conferred, exercise chancery powers and adopt the forms of equitable proceedings, they are not courts of general equity jurisdiction.

2. SAME—*section 101 of Administration act does not give probate courts general chancery jurisdiction.* Section 101 of the Administration act, as amended in 1887, does not, by reason of giving power to probate courts to settle disputes as to title in proceed-

ings to sell real estate, give to that court general chancery jurisdiction so that all remedies open in a chancery court may be had there.

3. SAME—*probate court has no power to compel a purchaser to complete his bid in proceeding to sell real estate.* The power to compel specific performance by contempt proceedings is the highest power given an equity court, and as a probate court does not have general chancery jurisdiction it is without power to compel a purchaser at an administrator's sale of real estate to complete his bid and pay the same to the estate but it should proceed to a re-sale of the premises, leaving the estate to other remedies against the purchaser.

WRIT OF ERROR to the Appellate Court for the First District;—heard in that court on writ of error to the Probate Court of Cook county; the Hon. HENRY HORNER, Judge, presiding.

CAMPBELL & FISCHER, and MATTHIAS CONCANNON, for plaintiff in error.

C. OSCAR CARLSON, for defendant in error.

Mr. CHIEF JUSTICE STONE delivered the opinion of the court:

The probate court of Cook county ordered Alexander W. Hannah, plaintiff in error here, within forty days from the date of the order, to pay to the estate of Otto C. Meinshausen, deceased, the sum of $9000, as the balance of a bid made by Hannah at the administrator's sale of real estate to pay debts of Meinshausen. On appeal to the Appellate Court this order was affirmed. The case comes here by *certiorari.*

The facts upon which the order was entered are these: The administrator of the estate of Otto C. Meinshausen petitioned the probate court for leave to sell the equity of redemption in certain real estate to pay debts of the deceased. It appears that the real estate in question was incumbered with a mortgage, which had been foreclosed and the property sold at foreclosure sale, so that the only in-

terest which might be sold by the administrator was the equity of redemption. The probate court ordered the sale of the equity of redemption in the property in accordance with the prayer of the administrator's petition. Plaintiff in error was a bidder at the sale and bought the equity of redemption for the sum of $10,000, paying $1000 in cash therefor. He refused to complete his bid, however, and demanded back his payment of $1000 on the ground that while the administrator had advertised the property as unincumbered save for the mortgage that had been foreclosed, the facts were that there were two other judgment liens against the property, held by persons not made parties to the petition of the administrator to sell these lands, it being further contended by plaintiff in error that as the probate court had ordered this sale made subject only to the lien of the foreclosed mortgage, he, plaintiff in error, had a right to rely upon such information and order and should not be required to complete his bid. It appears that considerable time elapsed between the approval of the sale of the property to plaintiff in error and his final refusal to complete the sale, during which time negotiations looking to the satisfaction of the judgment liens were carried on.

We are met at the outset in this case by the contention of plaintiff in error that the probate court does not have power to compel the completion of the bid by plaintiff in error; that such power rests only in the broad equitable powers of courts of general chancery jurisdiction. On the other hand, it is contended by the defendant in error that section 101 of the act in relation to the administration of estates, under which the petition and order of sale were filed, is sufficiently broad to grant to the probate court general chancery power to proceed for contempt against a bidder who refuses or fails to complete his bid.

Probate courts are not courts of general chancery jurisdiction. The jurisdiction of such courts is fixed by section 6 of the constitution and the acts of the legislature

passed in pursuance thereof. The constitution provides that said courts, when established, shall have original jurisdiction in all probate matters,—the settlement of estates of deceased persons, the appointment of guardians and conservators and settlement of their accounts, etc. The act of 1877 providing for the establishment of probate courts conferred jurisdiction on those courts in the language of the constitution, and it has been held that while the probate courts may, within the limits of the jurisdiction conferred, exercise chancery powers, they are not given general chancery powers and are not courts of general equity jurisdiction. (*People* v. *Seelye,* 146 Ill. 189; *Davis, Cory & Co.* v. *Chicago Dock Co.* 129 id. 180; *Preston* v. *Spaulding,* 120 id. 208.) If the probate court in this case has jurisdiction to enter the order complained of here, it must be by reason of the provisions of section 101 of the Administration act, as that act was amended in 1887. That section is as follows:

"Sec. 101. Such application shall be docketed as other causes, and the petition may be amended, heard or continued for notice or other cause, and the practice in such cases shall be the same as in cases in chancery. The court may direct the sale of such real estate, disincumbered of all mortgage, judgment or other money liens that are due, and may provide for the satisfaction of all such liens out of the proceeds of the sale, and may also settle and adjust all equities and all questions of priority between all parties interested therein; and may also investigate and determine all questions of conflicting or controverted titles arising between any of the parties to such proceeding, and may remove clouds from the title to any real estate sought to be sold, and invest purchasers with a good and indefeasible title to the premises sold. The court may, with the assent of any mortgagee of the whole or any part of such real estate, whose debt is not due, sell such real estate disincumbered of such mortgage, and provide for the payment

of such mortgage out of the proceeds of such sale; and may also, with the assent of the person entitled to an estate in dower, or by the curtesy, or for life or for years, or of homestead to the whole or in part of the premises, who is a party to the suit, sell such real estate with the rest."

The amendment of 1887 gave to probate courts the power to investigate and determine questions of conflicting or controverted titles arising between the parties to the proceeding and to remove clouds from title. Prior to the amendment of 1887 these courts did not possess such power, though section 101 was otherwise, in substance, as the present act. It was held as early as *Moffitt* v. *Moffitt,* 69 Ill. 641, that a petition to sell real estate to pay debts of a deceased person was not a chancery proceeding. It cannot be doubted that prior to the amendment of 1887 a probate court was without power to enforce by contempt proceedings the specific performance of a bid at an administrator's sale to pay debts. The question arises whether or not the amendment of 1887, giving to that court jurisdiction to settle disputes as to title and to clear title, made the proceeding one of general chancery jurisdiction, so that the court may by contempt proceedings enforce the bid,—in other words, whether or not section 101 as amended confers general chancery powers upon the probate court.

It was held in *Lynn* v. *Lynn,* 160 Ill. 307, that by reason of the fact that the amendment of 1887 conferred on the probate court power, in cases of this character, to settle equities and questions of priority and to investigate and determine questions of conflicting titles between parties and remove clouds, an application to sell land to pay debts may properly be regarded as a chancery proceeding within the meaning of section 8 of the Appellate Court act, which provides for appeals to the Appellate Court in "any suit or proceeding at law or in chancery." In *Clayton* v. *Clayton,* 250 Ill. 433, the court, in construing section 101, held that "said section provides that the practice in such cases shall

299—34

be the same as in courts of chancery, and evidently the legislature has attempted to confer general chancery powers upon the county and probate courts in all proceedings of this character." In *Therens* v. *Therens,* 267 Ill. 592, the ruling laid down in the *Clayton case* was qualified by the holding that "what is there said, however, [referring to the *Clayton case,*] had reference to the powers of county and probate courts to settle questions of controverted title, as provided in the amendment of 1887 to section 101, and the only questions decided were whether the probate court,. in a proceeding to sell real estate to pay debts, had power to adjust the equities between an attaching creditor of one of the heirs of the decedent and the grantee of such heir in the real estate sought to be sold, and whether in such case a freehold was involved." *Therens* v. *Therens, supra,* held that a proceeding to sell real estate in the probate court was not a chancery proceeding so as to make applicable section 19 of the act to regulate practice in courts of chancery, which provides that one who has not been served with summons or a copy of the bill may appear within three years after decree is entered and petition to be heard touching the matters of the decree. This court held, in effect, in the *Therens case* that it was not the intention of the legislature to confer chancery powers upon the county and probate courts, except in so far as those powers may be enumerated in section 101.

It is well settled that probate courts are creatures of the statute and do not have any powers except those conferred by the statute. While said courts may adopt forms of equitable proceedings, they are without general chancery jurisdiction. (*Sebree* v. *Sebree,* 293 Ill. 228.) The power to compel specific performance by contempt proceedings is of the highest power given an equity court. It cannot be doubted that if the probate court has jurisdiction to order specific performance here, it has power to compel compliance with such order by contempt proceedings. The peti-

tion to compel plaintiff in error to complete his bid was not based upon the violation of any order of the court by plaintiff in error, and while it has been held that in partition cases in the circuit court, which is a court of general chancery jurisdiction, completion of a bid may be enforced by contempt proceedings, (*Wakefield* v. *Wakefield,* 256 Ill. 296, and cases cited,) it has never been held that such power exists in a court which does not have general chancery jurisdiction, and we are of the opinion that section 101 does not, by reason of giving power to the probate court to settle disputes as to title and to clear title, give to that court general chancery jurisdiction so that all remedies open in a chancery court may be had there. We are of opinion, therefore, that the probate court was without power to compel plaintiff in error to complete his bid but should have proceeded to a re-sale of the premises. Defendant in error contends that to have done this would have defeated the purpose of the sale, as the parties had consumed most of the period of redemption in endeavoring to adjust the questions arising over the judgment liens. While that may have been the result, yet it is a situation which does not change the law, and that fact, even if it be a fact, does not confer upon the probate court jurisdiction not given it by law.

There are numerous other questions arising in this case, but since the view we take of this question disposes of the matter it is not necessary to consider them.

We are not to be understood as holding that there is no liability on the part of plaintiff in error for his refusal to complete his contract. What we do hold is that the probate court is without power to compel specific performance of the bid made.

The judgment of the Appellate Court and the order of the probate court are reversed and the cause remanded to the probate court for further proceedings not inconsistent with the views herein expressed.

*Reversed and remanded.*