In re Estate of David A. Miller, Deceased.
Grace T. Johnson, Formerly Grace T. Miller, Administratrix of Estate of David A. Miller, Deceased, Appellee, v. Alvin Miller et al. Amanda Adams, Applicant to Intervene, Appellant.

Gen. No. 9,631.

February term, 1941.
filed August 7, 1941.

Heard in this court at the
Opinion

Merville L. Brown, of Princeton, for appellant.

J. L. Spaulding, Arthur H. Ellis and L. D. Spauld-
ing, Jr., all of Princeton, for appellee; Arthur H.
Ellis and L. D. Spaulding, Jr., both of Princeton, of
counsel.

Mr. Justice Dove delivered the opinion of the court.

On April 9, 1940 appellee, as administratrix of the
Estate of David A. Miller, deceased, filed in the county
court of Bureau county, her petition to sell certain
real estate described in the petition which she alleged
belonged to her intestate for the purpose of paying the
debts and claims probated against his estate. All the
defendants either waived service and entered their
appearances in the proceeding or were duly served
with process.

On May 7, 1940, Amanda Adams filed her petition
supported by her affidavit, for leave to intervene and
be made a party defendant and for leave to file an
answer to said petition. Upon a hearing of this ap-
plication and objections thereto by the administratrix,
an order was entered denying the application for leave
to intervene and refusing her leave to become a party
defendant and to file an answer. The cause proceeded
thereafter to a decree. From the order, however,
denying her leave to intervene, Amanda Adams pros-
ecuted an appeal to the Supreme Court and that court
transferred the cause to this court.

The application and affidavit of appellant set forth
that she is the legal owner of all the real estate de-
scribed in appellee's petition; that she acquired title
thereto for a valuable consideration by virtue of cer-

tain deeds from the said David A. Miller and others; that pursuant to the execution and delivery of said deeds to her, she entered into and took possession of all of said real estate described in the petition, and is the legal owner thereof; that she has a direct interest in this proceeding and any order or judgment entered by the court in this proceeding will directly affect her right, title and interest in the real estate which is sought to be subjected to the payment of the debts of the said David A. Miller, deceased. The petition also set forth that on July 18, 1938 the petitioner in this proceeding, as administratrix, filed her petition in the probate court of Bureau county alleging, among other things, that appellant had in her possession and control certain papers and evidences of title to the land belonging to the estate of David A. Miller, deceased and praying for a citation; that this petition was afterwards amended, and as amended prayed for an order requiring appellant to convey to the widow and heirs at law of said David A. Miller, the property in her possession and control which belonged to David A. Miller; that a hearing was had upon said amended petition and an order entered by the county court finding that David A. Miller owned the real estate involved herein at the time of his death; that appellant controverts said title and has obtained colorable title thereto and wrongfully claims the same and wrongfully seeks to hold and does hold said real estate to the prejudice of said widow, heirs and creditors of said estate and has converted said real estate to her own use; that the order further found that appellant has no title or interest in the real estate sought to be sold by the petitioner herein and the order purports to vest the title to said real estate in the widow and heirs of David A. Miller, deceased and directed appellant to convey said real estate to the widow and children of David A. Miller, deceased, within 30 days after the entry of the order, and in case of her failure

so to do, that the master in chancery of the circuit court, as special commissioner, was directed to make such conveyance. The intervening petition further alleged that in obedience to such order, the master did execute a conveyance as directed by said order. Upon the hearing of the intervening petition of appellant, the petition for citation, the amendment thereto, and the order entered by the county court were admitted in evidence, and it was the contention of appellant that the county court in that proceeding was without jurisdiction to enter such an order and that the order and decree and the deed by the special commissioner were all void and of no effect.

In order to sustain the order of the trial court in refusing leave to appellant to intervene, counsel for appellee insist, first; that no facts are set forth in the petition but all the allegations therein are conclusions of the pleader, and second; that it appears from the petition that the former order of the county court in the citation proceeding which directed a conveyance by appellant to the widow and children of David A. Miller, deceased, was a valid order and cannot be collaterally attacked or impeached in this proceeding.

In our opinion, there is no merit in either of these contentions. The allegations of the petition and affidavit in support thereof are not all conclusions. The affidavit states that appellant, for a valuable consideration, acquired title to the real estate involved in this proceeding by virtue of certain deeds executed by David A. Miller and others, and that, pursuant to the execution and delivery of those deeds, appellant entered into and took possession of said real estate. The allegations are also that the order of December 17, 1938 entered in the citation proceeding found that appellant had colorable title to the premises herein involved; that she was wrongfully holding said premises and directed her to convey them to the widow, children and heirs at law of David A. Miller, deceased.

The applicable statutory provisions relative to the sale of real estate to pay debts provide that when there is insufficient personal estate of a decedent to pay expenses of administration and the claims against the estate, that then, by leave of the probate court and upon such terms as the court may direct, the administrator may sell the real estate or interest therein to which the decedent had claim or title; that the petition shall be verified and shall, among other things, contain a description of the real estate, the approximate value thereof, the interest of the decedent therein and the nature and extent of all liens upon and other interests, if any in said real estate so far as known to the petitioner, and that all persons holding liens against or having an interest in the real estate or in any part thereof, in possession, inchoate or otherwise shall be made parties defendant. (Ch. 3, secs. 379–384. Ill. Rev. Stat. 1939 [Jones Ill. Stats. Ann. 110.476–110.481] Smith-Hurd Ann. St. (Probate Act).)

From the averments of appellant's intervening petition and affidavit in support thereof, it appears that appellant was in possession of the lands described in the petition of appellee and claiming title thereto. Appellee should, therefore, have made her a party defendant in that proceeding, and not having done so, appellant had a right to call the court's attention to that fact and should have been granted leave to intervene and file an answer.

It is insisted, however, by counsel for appellee, that the order entered in 1938 in the citation proceeding was a valid order and that it and the master's deed issued in pursuance thereof divested appellant of all her right, title and interest in the real estate involved in this proceeding, and, therefore, she was not either a necessary or proper party to the instant proceeding. Counsel very frankly states that they have found no authority to sustain this contention. They argue, however, that in the settlement of estates the county court does have full and complete jurisdiction and counsel

insists that simply because this question is new and no authority found to support the order of the county court, that it does not follow that the county court did not have jurisdiction to enter the order it did.

In *Johnson v. Nelson*, 341 Ill. 119, in construing sections 81 and 82 of the Administration Act under which the citation proceeding referred to in appellant's application for leave to intervene was brought, the Supreme Court said: "These sections provided a summary method for the recovery of property of the character defined in Section 81, which belonged to a decedent at the time of his death, but had come into the possession of a third party prior thereto, and which that party either retained in his possession or had concealed or embezzled." The court then referred to the 1925 amendments to these sections and stated that these amendments enlarged the provisions of section 81 to include property belonging to the executor or administrator of the estate of any deceased person and conferred upon the court the power to determine, upon a trial by jury if demanded by either party, questions of title and rights of property. Continuing, the court said: "Notwithstanding these additions, the purpose of the section, as amended, apart from the recovery of books of account, papers or instruments of title, and the obtaining of information, is to recover possession of specific property, or if converted, its proceeds or value."

In *Wilson v. Prochnow*, 359 Ill. 148 the court again said, referring to said sections 81 and 82 of the Administration Act: "Their purpose is to provide a summary method for the recovery of certain defined property which belonged to the decedent at his death, but which had come into the possession of a third party prior thereto, and which that party either retained in his possession or had concealed or embezzled."

The petition for citation which forms the basis for the order finding that appellant had no title to the lands in question was filed under the purported au-

thority provided by sections 81 and 82 of the Administration Act as amended in 1925 and in force and effect in 1938 when the petition was filed. The subject matter of said petition was not "goods, chattels, moneys or effects, books of accounts, papers or any evidences of debt whatever, or titles to land belonging to any deceased person or the executor or administrator or the estate of any deceased person." The order was not authorized by the statute. The remedy provided by these statutory provisions is for the recovery of specific personal property, books of account, papers or instruments of title and the obtaining of information concerning any indebtedness, or evidences of indebtedness, or property, titles or effects belonging to any deceased person, or to the executor or administrator, or the estate of any deceased person and does not purport to confer upon probate courts general equity jurisdiction which general equity jurisdiction probate courts do not possess. *In re Estate of Shanks*, 282 Ill. App. 1; *Dixon v. Nefstead*, 285 Ill. App. 463.

The order appealed from is reversed and the cause remanded to the county court with directions to that court to sustain appellant's application for leave to become a party defendant and to grant her a reasonable time in which to file an answer to appellee's petition to sell real estate to pay debts.

*Reversed and remanded with directions.*