Irene Shilvock, Plaintiff-Appellee, v. George Shilvock, Defendant, Violet Shilvock, Petitioner to Intervene-Appellant.

Irene Shilvock, Plaintiff-Appellee, v. George Shilvock, Defendant, Violet Shilvock, as Special Administrator of the Estate of George Shilvock, Defendant-Appellant.

Gen. No. 48,205–48,228.

First District, Third Division.

March 1, 1961.

William J. Ruttenberg, of Chicago, for appellants.

Curtis J. Dax, of Chicago, for appellee.

MR. JUSTICE DEMPSEY delivered the opinion of the court.

The problem in this case is whether the Superior or the Probate Court has jurisdiction over that part

of a decedent's personal estate which had been included in a property settlement in a divorce decree.

Irene Shilvock and George Shilvock were divorced in 1957. The decree provided for alimony and a property settlement. One phase of the latter pertained to 1,393 shares of stock owned by George Shilvock. It was decreed that Mrs. Shilvock would receive all the dividends paid on the stock during her life, that the stock could not be sold without her consent, and if sold with her consent 50% of the proceeds would be hers. It was further decreed that if her husband predeceased her she would be entitled to one-half of the stock, unless he had obtained a $25,000.00 insurance policy naming her as the irrevocable beneficiary; in which event, if the policy was in force at his death, she would receive the $25,000.00 in lieu of the stock. The decree further stated: " . . . this Court shall retain jurisdiction of this cause until the terms of this decree have been fully complied with in all respects."

George Shilvock faithfully fulfilled the provisions of the decree, even in death. He died in May 1959 and his will, which placed the residue of his estate in trust, contained the following:

> "(a) In the event that I shall predecease my former wife, Irene Shilvock, and shall at the time of my death still be the owner of 1,393 shares of stock in the Great Lakes Paint and Varnish Company, an Illinois Corporation, I direct my Trustee to assign, transfer and deliver to her fifty per cent (50%) of said 1,393 shares of stock, in accordance with the provisions of the decree entered in the Superior Court of Cook County, Illinois, on November 22, 1957, in the case of Irene Shilvock v. George Shilvock, No. 57 S 2762."

257

■■■■■■■■■■■■■

In March 1960 Irene Shilvock filed a petition in the Superior Court divorce case praying the court to enforce the property settlement. The executor, Edwin F. Jago, who was also the trustee, answered the petition by saying Shilvock had remarried and that his widow, Violet Shilvock, claimed an interest in the stock which was in conflict with that of his first wife. The answer requested that notice of the petition be served upon the widow and that the court hold a hearing to determine the ownership of the stock. The chancellor did not adopt these suggestions but ordered Jago to comply with the pertinent provision of the divorce decree.

The executor did not comply and Irene Shilvock petitioned for a rule to show cause. The petition stated that the stock had been sold with the consent of all the parties, but that Jago had refused to turn over her proportionate share. On June 3, 1960, the court entered an order finding that 50% of the amount realized by the sale was not an asset of the estate, but had vested in her upon Shilvock's death. Jago was ordered to deliver one-half of the proceeds from the sale of the stock within ten days and to remove from his Probate Court inventory the shares belonging to her.

Ten days later Violet Shilvock sought leave to intervene. She appeals from the order of June 13, 1960, denying her request and, as special administrator appointed by the Probate Court for this purpose, appeals also from the order of June 3, 1960. The two appeals have been consolidated.

In support of her petition to intervene she alleged that she had not received notice of the previous motions and that she was directly affected by the orders which the court had entered. She challenged the jurisdiction of the Superior Court on the ground that Shilvock's estate was pending in the Probate Court,

258

that the stock in dispute was an asset of his estate and that the executor had filed a petition in the Probate Court on April 28, 1960, which placed the entire controversy before that court. She charged that certain facts had not been disclosed to the Superior Court, among them that the executor's interest conflicted with hers and that Irene Shilvock would receive one-half of the stock under the will. Attached to her petition as exhibits were the will, the executor's petition of April 28th and her answer thereto.

The significance of her position can be better understood from an examination of these exhibits. After instructing the trustee to deliver 50% of the shares to Irene Shilvock, the will went on:

"(b) Commencing with the date of my death, the entire net income from the remainder of my estate shall be paid to my wife, Violet Shilvock, during her life. Upon her death, the Trustee shall pay and distribute to Edwin F. Jago the principal and accumulated income of the trust estate remaining, as his own property forever."

Under this provision Violet Shilvock would receive none of the stock, which comprised almost all of the estate, and she would receive no income because the stock was not paying dividends. She had renounced the will and thereby, since there were no descendants, became entitled to one-half of the personal estate remaining after the payment of claims. Ill. Rev. Stat., ch. 3, sec. 168 (1959). In the Probate Court she had asserted that Irene Shilvock's interest could not be regarded as a claim because no claim had been filed and the time for doing so had expired. Thus, her theory is this: if the shares designated for Irene Shilvock are neither controlled by the divorce decree nor paid out as a claim, the personal estate would consist of the 1,393 shares; she would get one-half

of these as the surviving spouse; Irene, whom she regards as a legatee, would get the other half, while Jago would receive none; but if Irene Shilvock's shares are excluded from the estate, the personal estate would consist of 696–½ shares and she would get only one-half of these, while Jago would receive the other half.

On the other hand, Irene Shilvock's position is equally clear: if her shares are included in the estate as an asset, she could suffer because of the possible diminution of her interest resulting from either the payment of claims and taxes or, if she is treated as a legatee, from a contribution which might become necessary by the widow's renunciation. However, under the will and under the factual situation prevailing in the estate, the chance of her suffering in the Probate Court is more hypothetical than actual.

In our opinion both the Superior and Probate Courts could properly exercise jurisdiction over the subject matter of this controversy. Concurrent jurisdiction of courts over the identical subject is not unusual and occurs frequently in probate matters. Such a situation arose in Stewart v. Stewart, 1 Ill. App. 2d 283, 117 N.E.2d 579, where a divorced wife had been awarded monthly alimony. The husband, who remarried, became incompetent and unpaid alimony accumulated. Years later the first wife sued in the divorce court for the enforcement of the decree. The second wife, individually and as conservator, was a defendant. The defense was made that the claim could only be asserted in the Probate Court which had jurisdiction over the incompetent's estate. The court rejected the defense and ordered the $4,800.00 arrearage paid. The Appellate Court affirmed, saying:

> " . . . alimony has been recognized as a 7th class claim in a probate court. In re Estate of Bell, 210 Ill. App. 350. It does not follow that

the jurisdiction of the circuit court is thereby eliminated, nor is it desirable that such a result ensue. It might be necessary to modify, as well as enforce, a decree, and the jurisdiction conferred by statute should not be subject to cancellation or annulment. 'Concurrent jurisdiction is no novelty in our law.' People v. Leonard, 415 Ill. 135."

 In the present case the Superior Court which entered the divorce decree had the power to enforce its decree. Stewart v. Stewart, supra; Brevet v. Brevet, 316 Ill. App. 406, 45 N.E.2d 199. It retained jurisdiction by reason of this power and by the express reservation in the decree itself. The property settlement was merged in the decree and it was not improper to apply to the divorce court when enforcement of the terms of the settlement was sought. Under section 17 of the Divorce Act an application may be made for the conveyance of property held by one party but equitably belonging to the other. Ill. Rev. Stat., ch. 40, para. 18 (1959). This may be done even though the spouse having the legal title has died. Cross v. Cross, 5 Ill. 2d 456, 125 N.E.2d 488. Irene Shilvock claimed an equitable interest in the stock, and the executor, as the representative of the decedent and the person having possession of the stock, was a necessary party in her action seeking enforcement of the decree. He submitted to the jurisdiction of the divorce court by filing his answer to her petition of March 10th. Black v. Thomson, 120 Ill. App. 424.

In Cross v. Cross, supra, the court described the case as one involving ". . . essentially an incomplete property settlement as of the date of the divorce, whereby property allegedly belonging at least in part to the divorced wife was held in the name of her ex-spouse." In the Cross case the decree expressly reserved for future determination the questions of

property settlement and alimony. The divorced wife sought conveyance of the real property of her former husband, who had died. She did so either on the basis of her equitable interest in the property under section 17, or on the basis of an award of alimony in gross under section 18 of the Divorce Act. Her husband had remarried and his widow, to whom he had willed all his property, was made a party to the divorce case both individually and as executrix. The Supreme Court held that her right to alimony ceased with the death of her husband, but that the issue of her equitable interest in his property and her right to a property settlement survived.

In the instant case Shilvock retained legal title to all the stock; he was, however, restrained from selling, assigning, encumbering or hypothecating it. He was permitted only one privilege of ownership, that of voting the stock. This was done for his convenience; apparently he wanted this privilege because of a dispute over the control and management of the company. Irene Shilvock was given a general equitable interest in all the stock because of her right to receive all the dividends; she was given a particular equitable interest in one-half of the shares because of her right to their sale price if they were ever sold and to their possession if Shilvock died before her. This latter interest was a present fixed right of future enjoyment; it was subject to divestment only upon Shilvock's having $25,000.00 of insurance, payable to her, at the time of his death. People v. Estate of Strom, 363 Ill. 241, 2 N.E.2d 94. When he died without such insurance her interest in the stock vested absolutely and did so irrespective of his will.

The probate of the estate merely gave Irene Shilvock an alternative forum in which to proceed. The Probate Court has limited jurisdiction to hear and decide cases of an equitable character, including

claims against a decedent's estate. Hannah v. Mein-shausen, 299 Ill. 525, 132 N. E. 820; Starrett v. Brosseau, 208 Ill. 408, 70 N.E. 354; In re Estate of Miller, 311 Ill. App. 280, 35 N.E.2d 811; In re Estate of Kinsey, 261 Ill. App. 481. It also has statutory authority to hear evidence and determine the title to personal property in possession of an executor, and to order delivery of the property to the rightful owner. Ill. Rev. Stat., ch. 3, sec. 339(a) (1959); Bandringa v. Bandringa, 20 Ill. 2d 167, 170 N.E.2d 116. Hence, by resorting to the Probate Court she could have secured the same result as obtained through the divorce case. Her choice of courts was of no benefit to her. That it was harmful to Violet Shilvock did not lessen her right to select her forum.

■ One of the points raised in Violet Shilvock's petition to intervene was that the Superior Court had no jurisdiction because the jurisdiction of the Probate Court to settle the conflicting claims had been invoked by reason of the executor's petition in the Probate Court of April 28, 1960. This point overlooked the fact that the initial action was taken by Irene Shilvock in the divorce court in March of that year. Under this circumstance, it would not have been proper for the Probate Court to have interfered with the controversy while it was being adjudicated in the Superior Court. When two actions involving the same subject matter are brought in different courts having concurrent jurisdiction, the court first lawfully obtaining jurisdiction may retain it until the end of the controversy to the exclusion of all other courts. Nolan v. Barnes, 268 Ill. 515, 109 N.E. 316; Haas v. Righeimer, 220 Ill. 193, 77 N.E. 69; People ex rel. Kagy v. Seidel, 22 Ill. App. 2d 316, 160 N.E.2d 681.

■ ■ The order of the Superior Court of June 3, 1960, finding that the stock belonged to Irene Shilvock was correctly entered, but the order of June

263

13, 1960, denying Violet Shilvock's petition to intervene was in error. The Civil Practice Act, which is to be liberally construed, provides that upon timely application anyone shall be permitted to intervene in an action when the applicant's interest would be adversely affected by a distribution or other disposition of property subject to the control of the court. Ill. Rev. Stat., ch. 110, sec. 26.1(1)(c)(1959). Although the order of June 3rd found that Violet Shilvock had no interest in the stock involved in the divorce decree, her petition brought her within the purview of this section of the Act and should have been allowed, especially since it asserted a conflict of interest between her and the executor who, according to her theory, stood to benefit by the prior order. However, in view of our opinion upon the points raised in her petition and considered in this appeal, the error was harmless.

The orders of the Superior Court in the consolidated cases are affirmed.

Affirmed.

SCHWARTZ, P.J. and McCORMICK, J., concur.