THE PEOPLE *ex rel.* LAURA M. DAVIS, Plaintiff-Appellee, *v.* KENDALL TATE CHAMBERS, Defendant-Appellee (Jana J. Chambers, Applicant-Appellant).

Fifth District   No. 5—83—0304

Opinion filed May 1, 1984.

Feirich, Schoen, Mager, Green & Associates, of Carbondale, for appellant.

Treva H. O'Neill, of Rudasill & O'Neill, of Carbondale, for appellee Kendall Tate Chambers.

John R. Clemons, State's Attorney, of Murphysboro (Kenneth R. Boyle and Stephen E. Norris, both of State's Attorneys Appellate Service Commission, of counsel), for appellee People *ex rel.* Laura M. Davis.

JUSTICE HARRISON delivered the opinion of the court:

Applicant Jana J. Chambers appeals the denial of her motion for leave to intervene of right in a paternity suit filed against her husband, Kendall Tate Chambers, by plaintiff Laura M. Davis. The issue presented is whether applicant's position was such as to entitle her to intervention under the provisions of section 2—408(a)(3) of the Code of Civil Procedure (Ill. Rev. Stat. 1983, ch. 110, par. 2—408(a)(3)).

On November 8, 1982, plaintiff filed a complaint to establish paternity against Kendall Tate Chambers. Prior to the filing of plaintiff's complaint, applicant had filed against Mr. Chambers a petition for dissolution of marriage. Mr. Chambers, while not admitting paternity of plaintiff's child, agreed to settle plaintiff's action by paying child support in the amount of $100 per month for a period of three years, followed by a single payment of $6,000. The proposed settlement was made known to applicant in Mr. Chambers' answers to applicant's interrogatories pursuant to the dissolution of marriage proceeding. Applicant filed her motion for leave to intervene in the paternity action on April 21, 1983. On this same date, applicant filed a petition in intervention requesting the court to refrain from approving any settlement between plaintiff and Mr. Chambers until after final dissolution of applicant's marriage to Mr. Chambers. Applicant's motion for leave to intervene was heard and denied on April 28, 1983, six days prior to the date set for a hearing on the distribution of the marital assets of applicant and Mr. Chambers. The court proceeded to approve the support agreement between plaintiff and Mr. Chambers.

Intervention of right is governed by section 2—408(a) of the Code of Civil Procedure (Ill. Rev. Stat. 1983, ch. 110, par. 2—408(a)), which provides that:

"Upon timely application anyone shall be permitted as of right to intervene in an action: (1) when a statute confers an unconditional right to intervene; or (2) when the representation of the applicant's interest by existing parties is or may be inadequate and the applicant will or may be bound by an order or judgment in the action; or (3) when the applicant is so situated as to be adversely affected by a distribution or other disposition of property in the custody or subject to the control or disposition of the court or a court officer."

It is upon subsection (3) that applicant bases her right to intervene in the paternity suit between plaintiff and Mr. Chambers, alleging that the settlement between plaintiff and Mr. Chambers, being subject to court approval, was such as to place applicant in a position "to be adversely affected by a distribution or other disposition of property in

the custody or subject to the control or disposition of the court" within the meaning of the statute. The court's approval of the paternity settlement, it is argued, encumbered and diminished marital assets which otherwise would have been available for distribution at the dissolution hearing six days later. Because the paternity settlement would invariably affect the subsequent distribution of marital assets, applicant contends that she was entitled to intervene in the suit between plaintiff and applicant's estranged spouse.

In *Shilvock v. Shilvock* (1961), 31 Ill. App. 2d 254, 175 N.E.2d 272, cited by applicant, it was held that a decedent's second wife was entitled to intervene in an action by the decedent's first wife against the decedent's estate for the enforcement of a property settlement entered by the decedent and his first wife pursuant to their divorce. In addition to asserting that she was directly affected by the order enforcing the property settlement with the decedent's first wife, the second wife also claimed that a conflict of interest existed between herself (the second wife) and the executor of her husband's estate, and that certain significant facts had not been placed in evidence before the trial court. Noting that the Code of Civil Procedure should be liberally construed in cases involving a claim of intervention of right based upon a applicant's interest in the distribution of property, the appellate court held that the second wife's petition "brought her within the purview of this section of the Act [section 2-408(a)(3), formerly Ill. Rev. Stat. 1959, ch. 110, par. 26.1(1)(c)], and should have been allowed, especially since it asserted a conflict of interest between her and the executor who, according to her theory, stood to benefit by the *** order." 31 Ill. App. 2d 254, 264.

While we agree that doubts regarding intervention claimed pursuant to a property interest under subsection (3) should generally be resolved in favor of the applicant, the instant case is distinguishable from *Shilvock*, and the trial court properly denied applicant's motion for leave to intervene. In *Shilvock*, intervention was sought for the purpose of affecting the result of the trial court's enforcement order by placing before the court evidence which, by virtue of a conflict of interest between the proposed intervenor and the party ostensibly protecting the intervenor's property, would not otherwise have been presented. Applicant in the instant case provided no indication that her intervention in the action between plaintiff and applicant's estranged husband would in any manner have affected a determination of the material issue of paternity; rather, applicant's sole purpose was to delay settlement of the paternity litigation until after applicant's own action against her husband had been settled, thus protecting ap-

plicant's purported interest in property which might otherwise be apportioned to plaintiff. Intervention may not properly be utilized as a mechanism to delay proceedings. *Hurley v. Finley* (1955), 6 Ill. App. 2d 23, 126 N.E.2d 513.

For the foregoing reasons, the order of the circuit court of Jackson County denying applicant's motion to intervene is affirmed.

Affirmed.

WELCH, P.J., and JONES, J., concur.