*In re* MARRIAGE OF JANA J. CHAMBERS, Petitioner-Appellee and Cross-Appellant, and KENDALL TATE CHAMBERS, Respondent-Appellant and Cross-Appellee.

Fifth District   No. 5—83—0394

Opinion filed June 11, 1984.

Treva H. O'Neil, of Rudasill & O'Neil, of Carbondale, for appellant.

Feirich, Schoen, Mager, Green & Associates, of Carbondale (Mary Lou Rouhandeh, of counsel), for appellee.

JUSTICE HARRISON delivered the opinion of the court:

Kendall Tate Chambers (respondent) appeals from a judgment of the circuit court of Jackson County dissolving his marriage to Jana J. Chambers (petitioner). Respondent contends that the trial court abused its discretion by ordering respondent to pay maintenance and, alternatively, by incorporating an automatic increase into the maintenance award. Petitioner cross-appeals, contending that the award of maintenance and child support is insufficient to meet her reasonable needs and should be modified in one of several ways. Petitioner also argues on cross-appeal that the trial court abused its discretion in denying petitioner's request for a temporary restraining order to pre-

vent respondent, prior to the division of marital property, from entering into a settlement of a paternity action filed against him by a third party.

Petitioner and respondent were married in 1974. Two children (twins) were born of the marriage in 1976. Respondent is 31 years old, a recent law school graduate, and currently employed as a judicial clerk. Petitioner is also 31 years old, and currently employed as a legal secretary. Respondent's net monthly income is $1,496.26. Petitioner's net monthly income is $774.44. The order of dissolution, entered May 10, 1983, allocated debts totaling $39,506.46 to respondent and debts totaling $7,378.78 to petitioner. Respondent's monthly payment on his allocated debts totals $781.16. Petitioner's monthly payment on her allocated debts totals $413.64. Petitioner was granted custody of the two children. Respondent was ordered to pay child support in the amount of $200 per month for each child. In addition, respondent was ordered to pay the premiums on a life insurance policy naming his children as beneficiaries. The cost of maintaining the policy is $13.75 per month. The trial court also ordered respondent to pay all customary medical and dental expenses of the children which are not covered under petitioner's health insurance plan. These expenses were estimated by petitioner at $72 per month. Respondent was further ordered to pay another $150 per month for maintenance.

■■ Maintenance awards are governed by section 504 of the Illinois Marriage and Dissolution of Marriage Act (Ill. Rev. Stat. 1983, ch. 40, par. 504). Such an award is appropriate if the spouse seeking maintenance lacks sufficient property to provide for his or her reasonable needs, is unable to be self-supporting, or is otherwise without sufficient income. (Ill. Rev. Stat. 1983, ch. 40, par. 504(a).) The trial court must determine the reasonableness of a party's needs on a case-by-case basis. (*In re Marriage of Simmons* (1980), 87 Ill. App. 3d 651, 658, 409 N.E.2d 321.) Among those factors which must be considered pursuant to section 504 are the standard of living during the marriage, the age and physical and emotional condition of the parties, the duration of the marriage, the financial resources of the party seeking maintenance, and the ability of the spouse from whom maintenance is sought to meet his or her needs while meeting those of the spouse seeking maintenance. (Ill. Rev. Stat. 1983, ch. 40, par. 504(b).) Ordinarily, the amount of such an award is a matter within the sound discretion of the trial court, and will not be disturbed on appeal absent an abuse of discretion. (*In re Marriage of Johnson* (1982), 106 Ill. App. 3d 502, 508, 436 N.E.2d 228.) Such an abuse of discretion occurs only when no reasonable person would take the view adopted by the

trial court. *In re Marriage of Dwan* (1982), 108 Ill. App. 3d 808, 812, 439 N.E.2d 1005.

■ According to the figures entered by the court in its dissolution order, respondent's net monthly income, after paying, pursuant to the order, his allocated debts, child support, insurance premiums, children's medical and dental expenses, and maintenance, would total $79.35. Petitioner's net income, after paying her allocated debts and receiving from respondent the ordered child support and maintenance, would total $880.80. Such a manifest inequality in the financial positions of the parties does in fact exceed the limits of reason, thus evincing an abuse of discretion by the trial court. Respondent testified that his monthly living expenses, including rent, food, laundry, automobile insurance, and gasoline, totaled $635. Even if respondent's estimates were inflated, it is apparent that an individual cannot meet such fundamental needs on a budget of $79.35 per month. While we are mindful of the fact that petitioner and her children have various needs, and that the existence of a larger corpus of assets on respondent's part would justify maintenance, the award of $150 per month in the instant case simply is not justified by the evidence of record.

Petitioner's allegation that the trial court erred in denying her request for a temporary restraining order with regard to respondent's settlement of the paternity action filed against him has been addressed by this court in *People ex rel. Davis v. Chambers* (1984), 125 Ill. App. 3d 451, and in light of the prior disposition, need not be considered pursuant to this cross-appeal.

For the foregoing reasons, that portion of the judgment of the circuit court ordering respondent to pay $150 per month in maintenance is vacated.

Judgment vacated in part.